2005 ND 96

**Donald A. NEGAARD, Plaintiff and Appellee**

v.

**Monica Wesley NEGAARD, n/k/a Monica Wesley Paper, Defendant and Appellant.**

**Nos. 20040140, 20040312.**

Supreme Court of North Dakota.

May 17, 2005.

Rehearing Denied June 22, 2005.

Anne E. Summers (argued) of Dyer & Summers, P.C., Bismarck, ND, for defendant and appellant.

Gary R. Sorensen (argued) of Sorensen Law Firm, Minot, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Monica Paper, formerly known as Monica Negaard, appeals from the trial court orders and judgment holding her in contempt and awarding her former spouse, Donald Negaard, attorney's fees as a sanction. She also appeals from orders denying her motion to reconsider attorney representation for the children and awarding Negaard attorney's fees for resisting the motion. We affirm the trial court's orders and judgment.

I

[¶ 2] Monica Paper and Donald Negaard were divorced in October 1999. The parties stipulated Paper would receive physical custody of their two children, and Negaard would receive liberal visitation. In April 2000, Negaard requested and was granted a structured visitation order. In October 2000, Negaard moved for contempt, alleging Paper had violated the structured visitation order by interfering with his visitation. This motion was continued throughout 2001 and 2002, as Paper and Negaard's disagreement on visitation persisted. In July 2002, Paper moved for the appointment of a guardian ad litem to represent the parties' children in the ongoing visitation dispute. The trial court denied the motion on September 25, 2002. Shortly thereafter, Paper independently retained an attorney to represent the children.

[¶ 3] In December 2002, the trial court issued a memorandum opinion and order finding Paper in contempt and instructing Negaard to prepare an itemized statement of his attorney's fees, expenses, and costs to assist in a sanction determination. On January 16, 2003, Negaard submitted the itemized statement. Paper objected to the amount Negaard claimed for expenses. Based on the itemization, the trial court

found Negaard's allowable expenses totaled $29,975.

[¶ 4] On January 24, 2003, the trial court issued its order for contempt and determined Negaard was entitled to compensation under N.D.C.C. § 27–10–01.4(1)(a). The trial court awarded him one-half of the expenses he had incurred for all proceedings relating to visitation and contempt and suspended the other one-half of allowed expenses on the condition that Paper not interfere with future court orders.

[¶ 5] In April 2003, Negaard again moved for a finding of contempt against Paper. In a March 12, 2004, order, the trial court again found Paper in contempt for continuing to frustrate and interfere with Negaard's visitation. The trial court ordered Paper to pay $29,975, which was the full amount of sanctions assessed in the January 2003 order, i.e., the original one-half and suspended one-half of Negaard's expenses. A judgment was entered on March 22, 2004, in the amount of $29,975.

[¶ 6] Paper moved for independent representation for the children in the visitation dispute. On March 22, 2004, the trial court denied Paper's request for attorney representation for the children. In April 2004, Paper, through the attorney she hired to represent the children, requested the trial court reconsider its denial of attorney representation for the children. Negaard resisted the request to reconsider and asked that the trial court award him attorney's fees.

[¶ 7] On September 8, 2004, the trial court denied Paper's motion to reconsider attorney representation for the children and awarded attorney's fees to Negaard under N.D.C.C. § 28–26–01(2). The trial court found Paper's "request is without merit" because she failed to appeal the September 25, 2002, order denying a guardian ad litem, and failed to present a statutory basis for her motion. On October 8, 2004, the trial court awarded Negaard attorney's fees of $746.12.

[¶ 8] Paper appeals from the trial court's orders and judgment.

## II

[¶ 9] The trial court found Paper in contempt in January 2003 and March 2004 for "frustrating and interfering" with Negaard's visitation of their children. On appeal, Paper denies she frustrated or interfered with Negaard's visitation and argues that in both instances, the trial court abused its discretion when it held her in contempt. Negaard argues the time to appeal the January 2003 contempt order has expired. Negaard further argues the record is replete with examples of Paper's intentional interference with his visitation rights, and the trial court's finding of contempt was not an abuse of discretion.

[¶ 10] Section 27–10–01.3(3), N.D.C.C., provides:

An appeal may be taken to the supreme court from any order or judgment finding a person guilty of contempt. An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal.

Rule 4(c), N.D.R.App.P., provides:

*Appeal in Contempt Case.* A notice of appeal must be filed with the clerk of district court within 60 days after entry of the judgment or order being appealed. Upon a finding of excusable neglect or for good cause, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

[¶ 11] The record indicates that although Paper objected to the amount of the contempt sanction, she did not appeal the final contempt order issued on January 24, 2003. Under N.D.C.C. § 27–10–01 order or judgment for purposes of appeal." Under the statute, a finding of contempt is final and a determination of the exact amount of the sanction is not required for the order to be final. Rule 4(c), N.D.R.App.P., requires that an appeal of a contempt order must be made within "60 days after entry of the judgment or order being appealed." Paper failed to timely appeal the January 24, 2003, contempt order and is, therefore, bound by it. Paper's appeal of the March 22, 2004, trial court order finding her in contempt was however within the allowed sixty-day time-frame and is, therefore, properly before this Court. *See* N.D.R.App.P. 4(c).

[¶ 12] Paper argues the trial court abused its discretion in finding her in contempt, and the sanction is punitive rather than remedial.

Civil contempt requires a willful and inexcusable intent to violate a court order. The ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.

*Giese v. Giese,* 2004 ND 58, ¶ 8, 676 N.W.2d 794 (internal citations omitted).

[¶ 13] The January 24, 2003, trial court order finding Paper in contempt suspended one-half of the sanction on the condition she not violate future court orders regarding visitation. In its March 12, 2004, order, the trial court found Paper had continued "frustrating and interfering" with Negaard's visitation. The court stated:

The evidence proves that during the Christmas visitation and the Easter time [Paper] interfered without just cause in the visitation of the children with [Negaard]. [Paper] used an individual and the police to check on her children when there was no demonstrated need. [Paper] also demonstrated frustration of summer visits by attempting to schedule the children for events to prevent an extended visit with [Negaard].

[¶ 14] The record contains evidence that during the 2002–2003 Christmas and New Year's holidays, while Negaard was exercising his visitation, Paper called a clergyman and alleged the children were involved in an abusive situation. Paper's claims were not substantiated. In April 2003, again while Negaard was exercising his visitation, Paper called the Minot Police Department and reported two children were locked in a room at Negaard's home without food. The police performed a "welfare check" at Negaard's home and found no evidence to substantiate Paper's claims. The record further evidences, on at least five occasions, Paper purposely scheduled the children for events during Negaard's summer visitation period. The trial court's findings are supported by the record. We conclude the trial court did not abuse its discretion when it held Paper in contempt.

## IV

[¶ 15] Paper argues the trial court's contempt sanction is punitive and not remedial. This Court, in *Peters–Riemers v. Riemers,* 2003 ND 96, ¶ 20, 663 N.W.2d 657, explained the difference between remedial and punitive sanctions:

A remedial sanction is one which "includes a sanction that is conditioned

upon performance or nonperformance of an act required by court order." N.D.C.C. § 27–10–01.1(4). Remedial sanctions can be payment of money, forfeitures, or imprisonment. N.D.C.C. § 27–10–01.4(1). A prison sentence is remedial only if it is conditional and the "contemnors carry 'the keys of their prison in their own pockets....'" Punitive sanctions, however, are unconditional. Thus, a punitive sanction "is a sanction of imprisonment if the sentence is for a definite period of time ..." or a sentence which "is not conditioned upon performance or nonperformance of an act...." N.D.C.C. § 27–10–01.1(3). The most important factor which makes a sanction punitive is its unconditional nature; if the contemnor cannot purge the contempt by performance, the charge is punitive.

When imposing contempt under N.D.C.C. ch. 27–10, a court must first consider whether a remedial or punitive sanction is applicable and then apply the appropriate procedures for imposing the sanction.

*Peters–Riemers,* at ¶ 20 (citation omitted).

[¶ 16] In its December 20, 2002, memorandum opinion, the trial court noted there was "clear and convincing evidence that Monica [Paper] is in contempt of the Court's Orders relating to the visitation rights granted to Donald [Negaard] and her frustrating and interfering with those rights has been persistent and pervasive." The trial court further noted, of the available sanctions, "[t]he one that seems most appropriate is that the other party is to be paid for losses and compensation under 27–10–01.4(1)(a)." The trial court instructed Negaard to prepare an itemized statement of his expenses. After a review of Negaard's statement and Paper's objections, the trial court awarded Negaard expenses with one-half the amount to be paid currently and the other half to be suspended "upon the condition that Monica [Paper] will not frustrate or interfere" with any future orders relating to visitation.

[¶ 17] To compensate Negaard for expenses incurred as a result of the contempt, the sanction was ordered. We conclude the sanction imposed was remedial, as defined under N.D.C.C. § 27–10–01.4(1)(a), and the trial court's imposition of the sanction was not an abuse of its discretion.

## V

[¶ 18] Paper argues the trial court abused its discretion when it denied her motion to reconsider attorney representation of the children. Paper contends that because the trial court asked the children to submit their own suggested visitation schedule and also denied her request to appoint a guardian ad litem, the children needed independent representation.

[¶ 19] In a custody, support, or visitation proceeding, a trial court may, in its discretion and on its own initiative, appoint a guardian ad litem for a minor child when the court has reason or special concern as to future welfare of the child. *Healy v. Healy,* 397 N.W.2d 71, 75 (N.D.1986); *see also* N.D.C.C. § 14–09–06.4. In September 2002, the trial court denied Paper's request to appoint a guardian ad litem to represent the children. Shortly after the trial court denied Paper's motion, she independently retained legal counsel to represent the children. Paper then requested that the trial court reconsider attorney representation for the children.

[¶ 20] In its March 22, 2004, memorandum and order denying attorney representation for the children, the trial court correctly noted that there are "no statutes or court rules that permit an attorney to represent a minor child in custody and visitation without a formal appointment by the

Court." Paper failed to cite any statutory authority supporting representation for the children without court order.

[¶ 21] We conclude the trial court did not abuse its discretion when it declined to allow independent representation for the parties' children. We, however, note that when a trial court requests the children prepare their own response to a visitation schedule, perhaps the trial court should consider the merits of appointment of a guardian ad litem to assist in the preparation of the response on behalf of the children.

### VI

[¶ 22] Paper argues the trial court abused its discretion when it awarded Negaard attorney's fees for defending against Paper's motion to reconsider attorney representation for the children. Paper contends that Negaard's attorney's fees were unnecessary because her motion to reconsider was brief and did not require a lengthy reply. Therefore, according to Paper, the award of attorney's fees is an abuse of discretion.

[¶ 23] Section 28–26–01(2), N.D.C.C., authorizes the court, in its discretion, to award reasonable actual and statutory costs, including reasonable attorney fees, for defending a frivolous claim. *Dietz v. Kautzman*, 2004 ND 119, ¶ 5, 681 N.W.2d 437. "A claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor." *Id.* at ¶ 14. An award of attorney fees under N.D.C.C. § 28–26–01(2) lies within the sound discretion of the trial court and its determination will be disturbed on appeal only for an abuse of discretion. *Id.* at ¶ 15.

[¶ 24] The trial court, in its September 8, 2004, memorandum and order denying Paper's motion to reconsider attorney rep-

resentation for the children, concluded Paper did not cite "any statutory authority or cases that would require this Court to reverse its Order" nor did she offer "new arguments or facts that would cause the Court to reconsider." The trial court further concluded Paper "did not appeal from the order denying the appointment of a guardian ad litem" or "pointed out any statutory basis for continuing the representation" for the children. Based on the trial court's conclusions and Paper's own admission that her motion did not contain additional arguments, we conclude the trial court's award of attorney's fees is not an abuse of discretion.

### VI

[¶ 25] The orders and judgment are affirmed.

[¶ 26] GERALD W. VANDEWALLE, C.J., CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.