2006 ND 172

**DEACON'S DEVELOPMENT, LLP, a North Dakota limited liability partnership, Plaintiff and Appellee**

v.

**Timothy C. LAMB and Elizabeth Fletcher Lamb, Defendants and Appellants.**

No. 20050147.

Supreme Court of North Dakota.

July 27, 2006.

Rehearing Denied Aug. 16, 2006.

Timothy C. Lamb (argued), pro se, and Elizabeth Fletcher Lamb (appeared), pro se, Grand Forks, N.D., defendants and appellants.

Gerard D. Neil, Gerard D. Neil, P.C., East Grand Forks, MN, for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1] Timothy C. Lamb and Elizabeth Fletcher Lamb ("the Lambs") appeal from a district court judgment awarding Deacon's Development, LLP, ("Deacon's") $1,598.75 in costs and fees and the right to possess certain property occupied by the Lambs in Grand Forks, North Dakota. We affirm in part, reverse in part, and remand, concluding that the district court correctly determined the contract for deed was properly terminated and correctly ordered eviction but that the district court erred in awarding attorney fees.

I

[¶ 2] The Lambs and Deacon's entered into a six-month contract for deed, dated January 27, 2004, for the Lambs' purchase of certain property. The contract required the Lambs to pay Deacon's $800 per month, from February 15, 2004, through July 15, 2004, when the unpaid principal balance, plus accrued interest, was due and payable in full. The Lambs made two payments during the contract period, both overdue.

[¶ 3] Deacon's served a notice of cancellation of contract for deed on the Lambs on August 18, 2004, at which point the amount due on the contract exceeded $250,000. Despite the contract having matured and all sums under the contract being due and payable, on approximately October 1, 2004, the Lambs tendered a $2,500 check to Deacon's. Deacon's returned the check and subsequently served notice of intention to evict in letter form, via first class mail with return receipt. The notice was received by the Lambs no later than March 18, 2005, and required that the Lambs vacate the premises by March 21, 2005. The Lambs refused to vacate and occupied the premises throughout the proceedings.

[¶ 4] The district court found Deacon's had properly terminated and cancelled the contract for deed and ordered that the Lambs vacate the premises and pay costs, fees, and attorney fees. The Lambs appealed, arguing Deacon's failed to follow proper procedure in the eviction action, the contract for deed was improperly drafted and enforced, and the award of attorney fees was improper.

## II

■ [¶ 5] The Lambs first claim the notice of intention to evict did not comply with North Dakota law because the notice was in letter form rather than a distinct, clearly labeled legal document and was improperly served. The Lambs' argument is without merit.

[¶ 6] Section 33–06–02, N.D.C.C., requires the notice of intention to evict be served at least three, and no more than fifteen, days prior to commencement of eviction proceedings. The notice may be served as a summons is served. *Id.* The record shows Deacon's notice was timely served in accordance with Rule 4, N.D.R.Civ.P., and contained adequate, clear information notifying the Lambs of the anticipated eviction action. Deacon's notice stated, "If you have not vacated the premises in its entirety by Monday, March 21, 2005, Deacon's Development, LLP will immediately proceed with an eviction." The statute is silent as to the form of the notice, and the Lambs have not directed us to any statute or case establishing a specific format. We therefore conclude there was no violation of N.D.C.C. § 33–06–02 or Rule 4.

## III

■ [¶ 7] The Lambs claim the recording statute requires a contract for deed be recorded before it can be cancelled. This argument misconstrues section 32–18–05, N.D.C.C., which provides:

In all cases of cancellation by notice of any contract for deed which has been recorded in the office of the recorder, the following documents shall also be recorded in that office: a copy of the notice of cancellation served upon the vendee, together with an affidavit of service and an affidavit of the vendor or the vendor's assigns that the default of the vendee under the terms of the contract was not cured, after the date of service of such notice, within the time periods provided in section 32–18–04.

[¶ 8] Contrary to the Lambs' argument, section 32–18–05 does not require the contract for deed be recorded before cancellation. Rather, the statute requires that when the contract has been recorded, certain other documents also must be recorded. This statute does not include an obligation to record as a prerequisite to cancellation, and we have not been provided with a compelling reason to impose one. The Lambs' argument is therefore without merit.

## IV

■ [¶ 9] The Lambs claim that terms of the contract establishing the unpaid principal balance and interest due and payable on July 15, 2004, were unlawful or that this "balloon" payment provision was unlawfully enforced. The Lambs cite *Johnson v. Gray*, 265 N.W.2d 861 (N.D. 1978), for their argument that Deacon's improperly accelerated the balance due under the contract for deed. This argument is rejected because the Lambs were in default when they failed to pay the principal and interest balance upon maturity of the contract on July 15, 2004. The Lambs have not cited any authority supporting the argument the parties could not lawfully contract for a balloon payment, nor have we found any. Moreover, in *Johnson* this Court held "under Chapter 32–18, N.D.C.C., a seller cannot, upon a buyer's default, accelerate the payments due on a contract for deed and then base a forfeiture on the buyer's failure to pay the entire accelerated balance." *Johnson*, at 863. Unlike in *Johnson*, here the balance was due at maturity by agreement, and not due to default. We therefore reject the Lambs' claims that the contract or the cancellation process were flawed.

## V

[¶ 10] The Lambs argue the district court's award of attorney fees in favor of Deacon's was improper. We agree.

[¶ 11] North Dakota generally applies the "American Rule," which assumes each party to a lawsuit bears its own attorney fees. *Anderson v. Selby*, 2005 ND 126, ¶ 17, 700 N.W.2d 696. Therefore, successful litigants are not allowed to recover attorney fees unless authorized by contract or by statute. *Id.*

[¶ 12] Deacon's argues the district court's attorney fee award was statutorily permitted because of the "frivolous, unsubstantiated claims made by the Lambs." North Dakota law requires that courts in civil actions award costs and fees, including attorney fees, upon finding a claim for relief was frivolous. N.D.C.C. § 28–26–01(2). Frivolous claims are those which have "such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor." *Peterson v. Zerr*, 477 N.W.2d 230, 236 (N.D.1991); N.D.C.C. § 28–26–01(2). An award under N.D.C.C. § 28–26–01(2) is within the discretion of the district court and will only be disturbed on appeal for abuse of that discretion. *Negaard v. Negaard*, 2005 ND 96, ¶ 23, 696 N.W.2d 498.

[¶ 13] Here, the district court awarded Deacon's attorney fees because the Lambs took positions prior to litigation that required Deacon's to initiate judicial proceedings and because the Lambs sought injunctive relief as part of these judicial proceedings. This is evident from the district court's findings:

> As a result of [the Lambs'] unsubstantiated claims, [Deacon's] had to initiate this eviction action and defend against [the Lambs'] Complaint in their injunction action. [Deacon's] is entitled to a judgment in its favor for its costs and disbursements, including reasonable attorney fees.

[¶ 14] The Lambs were defendants in this action. They answered the complaint but did not assert claims for relief by way of counterclaim. As part of their answer, the Lambs opposed cancellation of the contract for deed, resisted eviction, and sought "relief from the court under N.D.C.C. § 32–18–06 for injunctive relief in the Plaintiff's action for cancellation of said contract for deed, and such other relief as this Court deems reasonable and just."

[¶ 15] The district court awarded attorney fees based in part on the Lambs' "unsubstantiated claims" that required Deacon's to initiate the eviction action. In this context, the district court was referring to the Lambs' positions taken in connection with cancellation of the contract for deed and their refusal to vacate the property. Neither of these acts were taken during or as part of judicial proceedings, nor were they affirmative claims in litigation. Section 28–26–01(2), N.D.C.C., permits recovery of attorney fees only for frivolous "claim[s] for relief." Positions taken prior to litigation are not claims for relief. *See* N.D.R.Civ.P. 8(a) ("A pleading which sets forth a *claim for relief*, whether an original claim, counterclaim, cross-claim, or third-party claim, must contain (i) a short and plain statement of the claim showing that the pleader is entitled to relief, and (ii) a demand for judgment for the relief the pleader seeks."); N.D.R.Civ.P. 12(b) ("Every defense, in law or fact, to a *claim for relief* in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, must be asserted in the responsive pleading thereto if one is required."); and N.D.R.Civ.P. 54(b) ("If more than one *claim for relief* is presented in an action, whether as a claim,

counterclaim, cross-claim, or third-party claim, or if multiple parties are involved.") (emphasis added).

[¶ 16] Because positions asserted by the Lambs prior to litigation are not "claims for relief," the district court did not have authority to award attorney fees under N.D.C.C. § 28–26–01(2). That being the case, the district court abused its discretion, *see North Dakota Human Rights Coalition v. Bertsch*, 2005 ND 98, ¶ 11, 697 N.W.2d 1 (court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law), and must be reversed.

[¶ 17] The district court also awarded attorney fees in part based on the Lambs' request for injunctive relief. The term "claim for relief" is broad. We are not prepared to say as a matter of law that the Lambs' affirmative request for an injunction did not constitute a claim for relief. We therefore conclude the district court did not abuse its discretion in awarding attorney fees incurred by Deacon's for that part of the litigation. However, the record does not provide us with sufficient information to ascertain whether, and if so, how much of, the attorney fee award is proper or improper under our ruling. We therefore remand for determination of Deacon's attorney fees recoverable under N.D.C.C. § 28–26–01(2) in connection with its defense of the Lambs' claim for an injunction.

## VI

[¶ 18] The Lambs urge sanctions are appropriate against Deacon's for its attempt to supplement the evidentiary record on appeal. Rule 28(f), N.D.R.App. P., requires appropriate references to the appendix, and Rule 30(a)(1) prohibits inclu-

sion in the appendix items outside the record. Here, Deacon's included in its brief a narrative detailing the relationship between Deacon's and the Lambs prior to commencement of this litigation without reference to the record. Additionally, these items were outside the scope of the record. When a review of the record does not support statements in a brief, sanctions may be imposed. *Van Dyke v. Van Dyke*, 538 N.W.2d 197, 203 (N.D.1995).

[¶ 19] Deacon's seeks costs for the Lambs' appeal on the basis it is frivolous under Rule 38, N.D.R.App.P. We have stated, "An appeal is frivolous if it is fragrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984).

[¶ 20] The Lambs' appeal is largely groundless, but they have prevailed on part of the attorney fees issue. Therefore, their appeal is not frivolous and sanctions are not appropriate. However, because Deacon's violated N.D.R.App.P. 28(f), sanctions are appropriate. Deacon's is denied costs on appeal in accordance with N.D.R.App.P. 13.

## VII

[¶ 21] We affirm in part, reverse in part, and remand, concluding that the district court did not err when holding the contract for deed was properly terminated and ordering eviction but that the district court erred in awarding attorney fees.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.