2007 ND 81

**Danni Jane LYNCH, f/k/a Danni Jane Sweeney, Plaintiff and Appellee**

v.

**David James SWEENEY, Defendant and Appellant.**

No. 20060104.

Supreme Court of North Dakota.

June 7, 2007.

Irvin B. Nodland, Irvin B. Nodland, PC, Bismarck, N.D., for plaintiff and appellee.

Charles L. Neff, Neff Eiken & Neff, PC, Williston, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] David Sweeney appealed from a district court judgment awarding him $5,000 in attorney fees incurred in a child custody and visitation dispute. We affirm.

I

[¶ 2] Sweeney and Danni Lynch, formerly known as Danni Sweeney, married in Minnesota in 1989 and had one child together. They divorced in 1991, and Lynch was granted custody of the child with reasonable visitation for Sweeney. Lynch and the child moved to North Dakota, and Sweeney moved to Utah. The parties had difficulty implementing the ordered visitation, and after participating in mediation, Sweeney moved to enforce his visitation rights. In 1994, a Minnesota court entered a Second Amended Judgment establishing a detailed visitation schedule. The Second Amended Judgment was filed as a foreign judgment in North Dakota to allow enforcement where Lynch and the child lived.

[¶ 3] Between 1994 and 1996 some visitation occurred. In 1996, Lynch moved to restrict visitation and Sweeney moved to enforce his visitation rights. In 1997, a guardian ad litem was appointed to facilitate and supervise visitation and to advise whether unsupervised visitation would be appropriate. The guardian ad litem withdrew, after meeting with the child and supervising a few visits, citing interference and non-cooperation by Lynch and her family and friends.

[¶ 4] The district court held evidentiary hearings in September 1998 and August 2000. Lynch alleged Sweeney abused the child and sought restrictions on Sweeney's visitation. Sweeney moved for a change of custody and an award of costs and attorney fees on the basis of Lynch's willful and persistent interference with visitation and her unsubstantiated allegations of abuse. The district court found there was no credible evidence of abuse and also found

Lynch had "engaged in a continued course of conduct which minimized, limited, and obstructed [Sweeney's] relationship with [the child]." The court decided Lynch should retain custody, but specifically noted that this was Lynch's final opportunity to recognize and facilitate Sweeney's visitation rights. The court denied Sweeney's motion for attorney fees.

[¶ 5] The parties filed cross appeals, and this Court affirmed the denial of the motion to change custody, but reversed and remanded for additional findings and a redetermination of Sweeney's request for costs and attorney fees. *Sweeney v. Sweeney*, 2002 ND 206, ¶ 1, 654 N.W.2d 407 (*"Sweeney I"*). We held that N.D.C.C. § 14–09–24 requires a court to award reasonable costs and attorney fees to the noncustodial parent if it finds there has been willful and persistent denial of visitation rights by the custodial parent. *Id.* at ¶ 18. We concluded the district court failed to make findings about whether N.D.C.C. § 14–09–24 was triggered, and remanded for the court to make more explicit findings and to award reasonable attorney fees if the statute was triggered. *Id.* at ¶ 21.

[¶ 6] Upon remand the district court found the triggering factors had not been met and denied Sweeney's request for costs and attorney fees under N.D.C.C. § 14–09–24. Sweeney appealed, and this Court concluded the district court's finding that the triggers had not been met was clearly erroneous. *Sweeney v. Sweeney*, 2005 ND 47, ¶ 17, 693 N.W.2d 29 (*"Sweeney II"*). We reversed and remanded with instructions the court award reasonable costs and attorney fees to Sweeney under N.D.C.C. § 14–09–24. *Id.* at ¶ 18.

[¶ 7] Following our second remand, Sweeney requested an award of $49,470.45 in costs and attorney fees for all the litigation expenses he incurred between 1998 and 2005. The court entered judgment awarding Sweeney $5,000 in attorney fees, and made the following findings:

2. The Supreme Court, in its opinion in 2005 ND 47, 693 N.W.2d 29, mandated attorney fees pursuant to NDCC 14–09–24.

3. NDCC 14–09–04[sic] mandates reasonable attorney fees if the Court finds there has been willful and persistent denial of visitation by the custodial parent.

4. Notwithstanding subsequent trial court findings, the trial court, in its order of March 28, 2001, found actions violative of 14–09–04[sic] (based upon Supreme Court interpretation).

5. *Reasonable* attorneys fees required of this section which are to be ordered by the Court must be reasonable under all circumstances. They must relate to the issue prohibited, namely willful and persistent denial of visitation. Other issues, such as custody, travel arrangements, or a host of other fees which the non-custodian incurred, do not appear reasonable for reimbursement.

The movant requests nearly all of his fees be paid without showing the relevance to the prohibited conduct.

6. I find that the sum of $5,000.00 is reasonable as it relates to this topic, and order the custodian responsible for the same.

Judgment was entered ordering Lynch to pay $5,000 in attorney fees, and Sweeney appealed.

II

[¶ 8] Sweeney argues the district court erred in awarding him only $5,000 in attorney fees because he requested an award of $49,470.45 and the evidence he presented supported his request.

[¶ 9] A decision to award attorney fees is generally in the court's discretion, but in child visitation disputes N.D.C.C. § 14–09–24 requires a court award reasonable costs and attorney fees to the noncustodial parent when there has been willful and persistent denial of visitation rights by the custodial parent. *Sweeney I*, 2002 ND 206, ¶ 18, 654 N.W.2d 407. The district court must make findings whether N.D.C.C. § 14–09–24 has been triggered, and those findings will be upheld unless they are clearly erroneous. *Sweeney II*, 2005 ND 47, ¶ 7, 693 N.W.2d 29. If the court finds the custodial parent engaged in willful and persistent denial of visitation the court must award the noncustodial parent reasonable costs and attorney fees. *Id.* at ¶ 15.

[¶ 10] Although the court is required to award reasonable attorney fees if it finds there has been willful and persistent denial of visitation, it is well established that district courts are considered experts in determining what is a reasonable amount of attorney fees and we will not reverse the court's decision about the amount and reasonableness of the attorney fees absent a clear abuse of discretion. *CybrCollect, Inc. v. North Dakota Dept. of Fin. Insts.*, 2005 ND 146, ¶ 39, 703 N.W.2d 285. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law. *Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2007 ND 46, ¶ 18, 729 N.W.2d 326. We have adopted the following guidelines for the court to follow when awarding attorney fees:

> (1) the time and labor required on legal work as distinguished from clerical and investigation; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent ...; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases.

*City of Bismarck v. Thom*, 261 N.W.2d 640, 646 (N.D.1977). The court may consider other factors if it states the reasons and justifications for including them in its decision. *Id.*

[¶ 11] The court may award a noncustodial parent costs and attorney fees under N.D.C.C. § 14–09–24 for the reasonable expenses incurred fighting the willful and persistent denial of visitation rights. The issues of frustration of visitation and change of custody as a resulting remedy are often intertwined, and the court has discretion to award attorney fees for those intertwined proceedings. Here, however, the district court found Sweeney was not entitled to all the attorney fees he requested because there were other issues resolved during the litigation, including custody and travel arrangements. The judge who awarded the attorney fees presided over the entire case and was very familiar with the issues litigated, and therefore was in the best position to exercise discretion in awarding attorney fees and to determine what was a reasonable amount of attorney fees for the litigation related to the denial of visitation. *See Gissel v. Kenmare Twp.*, 512 N.W.2d 470, 478 (N.D.1994). The district court found the litigation did not solely pertain to denial of visitation, and the evidence supports the court's finding. The court awarded Sweeney an amount it found reasonable

based on the amount of litigation that was related to denial of visitation.

[¶ 12] Furthermore, Sweeney submitted evidence of all the attorney fees he incurred between 1998 and 2005 without specifying what fees were related directly to the denial of his visitation rights. "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126. When a court is required to award attorney fees under a statute, the movant must be more precise in his request for fees because the fees must relate to the denial of visitation and therefore the court has less discretion in deciding which attorney fees to award. Here, the district court was left with no explanation other than Sweeney's claim the entire billing of attorney fees since 1998 was directly related to the denial of visitation. The court was left to award the entire sum or attempt to review for itself the prior proceedings. The court does not have a duty or obligation to ferret through the evidence to locate the actual amount of attorney fees incurred for each issue. *See Peterson v. Zerr*, 477 N.W.2d 230, 235 (N.D.1991). The district court could have awarded the entire sum of the requested fees, but we cannot conclude it abused its discretion in not doing so. While $5,000 may not be the actual amount of attorney fees, Sweeney failed to provide evidence delineating the actual amount of fees related to fighting the denial of his visitation rights.

[¶ 13] Sweeney failed to prove the actual amount of attorney fees he incurred in fighting the denial of his visitation rights, and the district court decided $5,000 was a reasonable amount of attorney fees based on its expertise. While the court had discretion to award a larger amount, the court's decision was not arbitrary, capricious, or unreasonable, and we therefore conclude the court did not abuse its discretion in awarding attorney fees.

III

[¶ 14] We affirm the district court's award of attorney fees.

[¶ 15] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 16] This case is the poster child for persistent and willful interference with visitation by a custodial parent and for persistent noncompliance with the law by a district court. *See Sweeney v. Sweeney*, 2002 ND 206, 654 N.W.2d 407; *Sweeney v. Sweeney*, 2005 ND 47, 693 N.W.2d 29. We have previously found the district court abused its discretion, *id.* at ¶ 17 ("We therefore conclude the trial court abused its discretion in denying Sweeney's request for costs and attorney fees under N.D.C.C. § 14–09–24."), and it has done so again. The statute requires that the attorney fees awarded be reasonable in these cases. N.D.C.C. § 14–09–24. Out of nearly $50,000 in attorney fees incurred by the noncustodial parent seeking to vindicate his legislatively guaranteed visitation rights, the district court awarded $5,000 as "reasonable." Does the majority really believe that amount reasonably covers not only the proceedings in district court, but one appeal to this Court, let alone two appeals? Or three?

[¶ 17] I would reverse and remand to a different judge. *See T.F. James Co. v. Vakoch*, 2001 ND 112, ¶¶ 18–19, 628 N.W.2d 298; *Holzer v. Jochim*, 557 N.W.2d 57, 59 (N.D.1996).

[¶ 18] Dale V. Sandstrom