2008 ND 149

John STRAND, Cass County resident and tax payer, and other Concerned Citizens and tax payers, similarly situated, Plaintiffs and Appellants

v.

CASS COUNTY, North Dakota, a political subdivision, Defendant and Appellee

and

The Cass County Commission, Defendant.

No. 20070168.

Supreme Court of North Dakota.

July 25, 2008.

Robert W. Harms (argued), Bismarck, N.D., and John T. Goff (on brief), Montgomery, Goff and Bullis, Fargo, N.D., for plaintiffs and appellants.

W. Todd Haggart, Vogel Law Firm, Fargo, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] John Strand and other Cass County residents and taxpayers ("Strand") appeal from a district court order entered after remand, denying Strand's request for an award of attorney's fees. Because we conclude the district court did not err in denying Strand's request for attorney's fees, we affirm.

I

[¶ 2] We previously set forth relevant facts in our prior decision in this case, *Strand v. Cass County,* 2006 ND 190, 721 N.W.2d 374 ("*Strand I* "), and we will not repeat them here except as necessary to resolve the issues raised in this appeal.

[¶ 3] In April 2003, Strand sued Cass County alleging that under N.D.C.C. ch. 11–11 the County was obligated to hold a vote before demolishing the old jail and sheriff's residence located in Fargo. Although demolition work had begun, Strand obtained a temporary restraining order prohibiting further demolition of the buildings. On April 22, 2003, the temporary restraining order was vacated by the parties' stipulation because the buildings had already been severely damaged. On May 7, 2003, the County filed its answer and counterclaim asserting Strand's actions resulted in additional costs to the County "in excess of $39,000." The County also alleged Strand's "allegations are untrue, made without reasonable cause and not in good faith and are frivolous pursuant to N.D.C.C. § 28–26–31" and, in the prayer for relief, requested "costs, disbursements and reasonable attorney fees as may be allowed by law."

[¶ 4] On May 22, 2003, Strand filed a reply to the County's counterclaim, which in part denied "any damage or injury was caused as a proximate result of Plaintiffs' actions" and reserved the right to amend his reply or complaint "to add additional claims constituting violations of Federal Law under USC Section 1983 and other Federal Constitutional Provisions." Strand's reply also asserted, "Plaintiffs reserve and seek the protections provided by North Dakota Century Code § 28–26–31," and sought relief "[a]warding Plaintiffs their costs, disbursements and reasonable attorney's fees as may be allowed by law." The district court subsequently permitted Strand to amend his complaint. On July 23, 2004, Strand filed his amended complaint and amended reply to counterclaim, asserting claims against the County for attorney's fees alleging the County's pleadings were frivolous and not filed in good faith; for civil rights violations under the First Amendment, the North Dakota Constitution, and 42 U.S.C. § 1983; and for abuse of process.

[¶ 5] On August 10, 2004, the County filed its answer to the amended complaint, again alleging Strand's "claims are frivolous, not made in good faith, or untrue, permitting an award of all expenses, including attorney fees, based on N.D.C.C. § 28–26–31." The County, however, withdrew its request for attorney's fees against Strand on the morning of trial. A jury trial was held on Strand's civil rights and abuse of process claims and on the County's counterclaim for the additional costs of the demolition. The jury found in favor of the County on Strand's claims and in favor of Strand on the County's counterclaim. The district court held that the County did not violate N.D.C.C. ch. 11–11. Strand moved for an award of attorney's fees under N.D.R.Civ.P. 11(b), N.D.C.C. § 28–26–01, and N.D.C.C. § 28–26–31 against the County. The district court entered judgment dismissing Strand's claims and entered an order denying Strand's request for attorney's fees.

[¶ 6] In *Strand I*, 2006 ND 190, ¶ 15, 721 N.W.2d 374, Strand argued the district court erred by failing to address his claim for attorney's fees based upon his allegation that the County's claim for attorney's fees was frivolous or made in bad faith. This Court summarized the proceedings below:

> In his post-trial motion, Strand sought an award of attorney fees under N.D.R.Civ.P. 11(b) and N.D.C.C. §§ 28–26–01 and 28–26–31. Strand's motion had two bases: (1) the County's counterclaim against him for $39,000 was frivolous and filed in bad faith; and (2) the County's request for attorney fees against him, which was withdrawn on the first day of trial, was frivolous and filed in bad faith. In its order denying Strand's motion, the district court only ruled on the first basis, holding Strand was not entitled to an award of attorney fees based on the County's assertion of

the counterclaim. Strand does not challenge the court's refusal to award attorney fees for defending against a counterclaim, but asserts the court erred in failing to address his claim for attorney fees based on the County's request for attorney fees which was subsequently withdrawn.

*Strand I*, at ¶ 16. Because the district court had failed to address Strand's second basis for attorney's fees, we reversed the court's order and remanded "for consideration of Strand's request for attorney fees based on the County's request for attorney fees from Strand." *Id.* at ¶ 17.

[¶ 7] On March 6, 2007, the district court held an evidentiary hearing on remand, including testimony and oral argument. In an April 5, 2007, order, the district court denied Strand's motion for attorney's fees.

## II

[¶ 8] Strand argues the district court abused its discretion in failing to award his attorney's fees for the County's allegation that Strand's pleadings were frivolous entitling the County to attorney's fees. Strand asserts the court abused its discretion under N.D.R.Civ.P. 11, N.D.C.C. § 28–26–31, and N.D.C.C. § 28–26–01 because the County's repeated allegations and requests for fees were frivolous, untrue, made without reasonable inquiry, and unwarranted by existing law.

[¶ 9] Generally, under North Dakota law, each party to a lawsuit bears its own attorney's fees absent statutory or contractual authority. *Danzl v. Heidinger*, 2004 ND 74, ¶ 6, 677 N.W.2d 924. Strand's post-trial motion for attorney's fees asserted grounds under N.D.R.Civ.P. 11(b), and N.D.C.C. §§ 28–26–01(2) and 28–26–31.

[¶ 10] Section 28–26–01(2), N.D.C.C., states:

> In civil actions *the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded* regardless of the good faith of the attorney or party making the claim for relief *if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor,* providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

(Emphasis added.)

[¶ 11] The plain language of this statute requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim. N.D.C.C. § 28–26–01(2). "Frivolous claims are those which have 'such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in [that person's] favor.'" *Deacon's Development, LLP, v. Lamb,* 2006 ND 172, ¶ 12, 719 N.W.2d 379 (citing *Peterson v. Zerr,* 477 N.W.2d 230, 236 (N.D.1991) and N.D.C.C. § 28–26–01(2)). When a party requests attorney's fees under N.D.C.C. § 28–26–01(2), the court "must first determine whether a claim is frivolous. If the court makes that determination, the court must then award reasonable attorney's fees to the prevailing party." *Soentgen v.*

*Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 84 (N.D.1991). "Authorizations of attorney's fees for frivolous claims are not meant to chill enthusiasm and creativity in pursuing factual or legal theories, and a court should not use the wisdom of hindsight to determine whether claims are frivolous." *Id.* at 84–85. "If the law is unclear or unsettled on a particular claim, that circumstance makes it more likely that a party might reasonably expect to prevail on that claim." *Id.* at 85. "An award under N.D.C.C. § 28–26–01(2) is within the discretion of the district court and will only be disturbed on appeal for abuse of that discretion." *Deacon's Development,* at ¶ 12.

[¶ 12] Based upon this statute's language, however, the district court's decision whether to award attorney's fees is not completely within the court's discretion. Rather, if the district court determines that a claim is frivolous, the court must award attorney's fees. In 1987, our Legislature amended N.D.C.C. § 28–26–01(2) to its present form using "shall" and "must" and removed the discretionary language of "may." *See* 1987 N.D. Sess. Laws ch. 387, § 1; *see also Blackburn, Nickels & Smith, Inc. v. National Farmers Union Prop. and Cas. Co.,* 482 N.W.2d 600, 605–06 (N.D.1992). Before this amendment, § 28–26–01(2), N.D.C.C., stated in relevant part, "In civil actions the court *may, in its discretion,* upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs *may be awarded* regardless of the good faith of the attorney or client...." (Emphasis added.) The 1987 amendment also added the final sentence of the present subsection.

[¶ 13] Thus, the district court's discretion under this statute lies in determining whether a particular claim is frivo-

lous. *See, e.g., Soentgen,* 467 N.W.2d at 85–86 (concluding trial court abused its discretion in determining claims were frivolous). Additionally, the district court retains its discretion under the statute in deciding the amount and reasonableness of an attorney's fees award. N.D.C.C. § 28–26–01(2); *see also Lynch v. Sweeney,* 2007 ND 81, ¶ 10, 732 N.W.2d 377; *CybrCollect, Inc. v. North Dakota Dep't of Fin. Insts.,* 2005 ND 146, ¶ 39, 703 N.W.2d 285. However, to the extent that our cases subsequent to the 1987 amendment of N.D.C.C. § 28–26–01(2) suggest that the district court retains complete discretion whether to award attorney's fees, even if a claim is determined to be frivolous, we overrule those cases. *See, e.g., Negaard v. Negaard,* 2005 ND 96, ¶ 23, 696 N.W.2d 498; *Dietz v. Kautzman,* 2004 ND 119, ¶ 14, 681 N.W.2d 437; *Dixon v. McKenzie County Grazing Assoc.,* 2004 ND 40, ¶ 29, 675 N.W.2d 414; *Nygaard v. Continental Resources, Inc.,* 1999 ND 172, ¶ 16, 598 N.W.2d 851; *Industrial Comm'n v. McKenzie County Nat'l Bank,* 518 N.W.2d 174, 178 (N.D.1994).

■ [¶ 14] Under N.D.C.C. § 28–26–31, an award of attorney's fees is entirely within the district court's discretion. *Westchem Agric. Chems., Inc. v. Engel,* 300 N.W.2d 856, 859 (N.D.1980). Section 28–26–31, N.D.C.C., provides:

> Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, subject the party pleading them to the payment of all expenses, actually incurred by the other party by reason of the untrue pleading, including a reasonable attorney's fee, to be summarily taxed by the court at the trial or upon dismissal of the action.

Under this statute, a court is authorized to award attorney's fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue." *Id.* Although the district court's award of attorney's fees and costs under N.D.C.C. § 28–26–31 is discretionary, the court's exercise of that discretion must be based on evidence that the pleadings were made without reasonable cause and not in good faith, and are found to be untrue. *See Peterson v. Zerr,* 477 N.W.2d 230, 235 (N.D.1991); *Larson v. Baer,* 418 N.W.2d 282, 289 (N.D. 1988); *Westchem,* 300 N.W.2d at 859–60.

[¶ 15] Likewise, a court also enjoys considerable discretion in awarding attorney's fees under N.D.R.Civ.P. 11. Under Rule 11, N.D.R.Civ.P., a district court may award sanctions against an attorney or a represented party, or both, if they violate the rule's requirements. Specifically, N.D.R.Civ.P. 11 states, in part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule must be made separately from other motions or requests and must describe the specific conduct alleged to violate subdivision (b). The motion, brief, and any other supporting papers, must be served as provided in Rule 5, but must not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. The respondent shall have 10 days after a motion for sanctions is filed to serve and file an answer brief and other supporting papers. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule must be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) Inapplicability to Discovery. Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

Thus, under Rule 11(c), a court that finds a violation under subdivision (b) may, but is not required to, impose sanctions upon parties responsible for the violation. N.D.R.Civ.P. 11(c).

[¶ 16] In 1996, this Court revised N.D.R.Civ.P. 11 in response to the 1993 revision of Rule 11 of the Federal Rules of Civil Procedure. N.D.R.Civ.P. 11, Explanatory Note. Before our 1996 revision, N.D.R.Civ.P. 11 stated, "If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction." However, under the present N.D.R.Civ.P. 11(c), "the court may ... impose an appropriate sanction" for a violation of the rule. In essence, the 1996 revision left the decision as to whether to impose a sanction within the court's sound discretion. To the extent cases after the 1996 revision to N.D.R.Civ.P. 11 state that a district court *must* award sanctions if the rule is violated, they are overruled. *See, e.g., Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 16, 693 N.W.2d 612; *Dietz v. Kautzman*, 2004 ND 119, ¶ 14, 681 N.W.2d 437.

[¶ 17] On appeal, we will not disturb a district court's decision on sanctions under N.D.R.Civ.P. 11 unless the court has abused its discretion. *Simpson*, 2005 ND 55, ¶ 16, 693 N.W.2d 612. Further, if there are any factual determinations relevant to the sanctions issue, this Court reviews the district court's findings under the clearly erroneous standard. *Id.*

[¶ 18] This Court has previously explained that these statutes and N.D.R.Civ.P. 11 all relate generally to the same subject matter and concluded it was appropriate to, if possible, apply the same standard of review in analyzing a district court's application of the statutes and the rule. *See Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346, 361 (N.D. 1987). Thus, in this case, we are reviewing the district court's order for an abuse of discretion. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental pro-

cess leading to a reasoned decision, or it misinterprets or misapplies the law." *Dixon*, 2004 ND 40, ¶ 29, 675 N.W.2d 414.

[¶ 19] Here, as an initial matter, the district court stated in its April 2007 order, "Strand may not recover under N.D.C.C. § 28–26–01 because he was not a 'prevailing party' as required by the statute." The court continued, "In this case neither Strand [n]or the County prevailed as neither party received any award from the jury on their respective claims." This Court, however, has explained that a "prevailing party" is one in whose favor a judgment is rendered regardless of the amount of damages awarded. *See Dowhan v. Brockman*, 2001 ND 70, ¶ 11, 624 N.W.2d 690 (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)), and *Lemer v. Campbell*, 1999 ND 223, ¶ 9, 602 N.W.2d 686 (stating, " 'The determination of who is the prevailing or successful party is based upon success upon the merits, not upon damages, and a party may be the prevailing party although he recovers no award of damages.' 20 C.J.S. *Costs* § 11 (1990)."). The district court's analysis, therefore, misinterpreted the law insofar as its "prevailing party" determination. Nonetheless, the court's misinterpretation on this point does not matter in light of the court's determination that the County's request for attorney's fees was not frivolous.

[¶ 20] The district court found that even if the County's initial insertion of an attorney's fees request in the prayer for relief was "boilerplate," Strand could have addressed the issue if he had brought a motion to strike the prayer from the pleadings, which was not done. *See Rohrich*, 406 N.W.2d at 364 (stating, "If Napoleon Livestock's allegations were, as the Bank suggests, untrue, unreasonable, and made in bad faith, then the Bank should have moved early in the proceedings and been successful in having them dismissed. Hav-

ing failed in that, under the circumstances, we conclude that the trial court did not err in denying the Bank's motion for attorney's fees under Section 28–26–31."). While Strand argues he was not required to bring a motion under the statute or the rule, the district court relied on the absence of such a motion to discredit the "shock" Strand asserted he had when he first learned of the prayer for relief. In Strand's amended complaint and amended reply to counterclaim, Strand alleged his constitutional rights had been violated as a result of the County's counterclaim and requested attorney's fees. In the County's answer to the amended complaint, it again alleged that Strand's claims were frivolous permitting an award of attorney's fees to the County. We also observe that the County withdrew its claim for attorney's fees before trial, presumably after all discovery had been completed.

[¶ 21] Here, the district court specifically found that Strand could not specify what attorney's fees were directly associated with defending the County's attorney's fees claim and, further, that no evidence indicated Strand would have handled his case any differently if there had not been such a claim. These findings demonstrate that the court considered whether Strand actually incurred any additional costs or expenses based upon the County's request for reasonable attorney's fees as required under N.D.C.C. § 28–26–31 and whether it needlessly increased the cost of litigation.

[¶ 22] The district court concluded that "[c]onsidering all the evidence," it did not believe that the County's attorney's fees request was frivolous. The court found that the County's pleading was not untrue and was made in good faith under N.D.C.C. § 28–26–31. The court held that the pleading was not made without reasonable cause and that there was no evidence the County did not comply with N.D.R.Civ.P. 11. On appeal, Strand characterizes the district court's reasoning as "conclusory;" however, the court's findings on remand were based upon the testimony and evidence received. Although findings of fact should be stated to afford a clear understanding of the court's decision, findings are adequate if this Court can discern from them the factual basis for the trial court's determination. *Cf. VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶ 27, 672 N.W.2d 445 (affirming district court's denial of summary eviction). *But see* N.D.R.Civ.P. 52(a) (stating, "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivision (c) of this rule."). Based upon our review of the record, there is no evidence of bad faith on the part of the County or allegations made without reasonable cause; we conclude the district court's findings adequately inform us of the basis of its decision.

[¶ 23] We note that the insertion of an attorney's fees request in the pleading or prayer for relief could be a tactical decision and without actual or likely evidentiary support, in violation of the rule and statutes. Nonetheless, in this case, both sides made decisions to pursue attorney's fees based upon the other party's allegedly frivolous claims.

[¶ 24] Based upon the record, we are not persuaded that the district court, in finding the County's allegations not frivolous, acted in an arbitrary, unreasonable, or unconscionable manner, that the court's decision was not the product of a rational mental process leading to a reasoned decision, or that the court misinterpreted or misapplied the law. We have considered the remaining arguments raised by Strand and find them unnecessary to our decision or without merit. We conclude that the district court did not abuse its discretion in

denying Strand's request for attorney's fees based upon the County's allegation that Strand's pleadings were frivolous entitling the County to attorney's fees.

## III

[¶ 25] The district court order is affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., ALLAN L. SCHMALENBERGER, D.J., DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

[¶ 27] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of KAPSNER, J., disqualified.