FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 17, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 267

Kevin McCarvel and Angela McCarvel,           Plaintiffs and Appellees

v.

Kelly Perhus and Debra Perhus,                Defendants and Appellants

## No. 20200051

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John Charles Irby, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Asa K. Burck, Fargo, N.D., for plaintiffs and appellees.

Jonathan T. Garaas, Fargo, N.D., for defendants and appellants.

**VandeWalle, Justice.**

[¶1]   Following a bench trial, Kelly and Debra Perhus appealed from a district court judgment quieting title to disputed property in Kevin and Angela McCarvel. We affirm.

I

[¶2]   Kevin and Angela McCarvel brought claims for adverse possession, boundary by acquiescence, and easement by prescription against Kelly and Debra Perhus related to a piece of property. The McCarvels also sought injunctive relief and monetary damages. After a bench trial, the district court found the McCarvels met their claim for adverse possession by clear and convincing evidence. The court also found the elements for boundary by acquiescence were met. Additionally, Debra Perhus made a claim for attorney's fees and costs, which the court denied.

[¶3]   The property at issue ("the disputed parcel") is located "in the southeast quarter of section 33, Township 137 North, Range 50 West, Cass County, North Dakota." Kelly Perhus was the record title owner of the property. The court found the disputed parcel is .41 acres in size.

[¶4]   The McCarvels own the property adjacent to the disputed parcel and the Perhuses' property. The McCarvels purchased their property in 2003. The court traced ownership of the McCarvel property back to 1992. The court found the McCarvels have an unbroken chain of title to their property of more than twenty years. According to the court, the recorded legal descriptions for both the McCarvel property and the Perhus property do not overlap and the properties are adjacent. The Sheyenne River makes up the west and northwest boundaries of the McCarvel property. Highway 46 borders the McCarvel property to the north and northeast. East River Road provides the southern boundary. An earthen dike crosses the north and west boundaries of the McCarvel property. The dike crosses the disputed parcel. The disputed parcel is the only piece of other property abutting the McCarvel property.

[¶5]   The disputed parcel is set off from the rest of the Perhus property due to road construction predating 1992. Highway 46 borders the disputed parcel to the northeast. East River Road borders the disputed parcel to the southeast. Near the disputed parcel, Highway 46 crosses the Sheyenne River. Work on the Highway 46 bridge required pushing the entrance of East River Road to the east prior to 1992. As a result, East River Road crossed a small section of the Perhus property, leaving the .41-acre tract between the McCarvel property and East River Road.

[¶6]   The Perhus property has been in the Perhus family since 1875. At trial, Kelly Perhus testified that he was aware East River Road had moved, but he also testified that he believed the present location of the road was not the boundary line. Kelly Perhus claimed that the McCarvels and their predecessors were allowed to use the disputed parcel through an "unwritten license." The court found no evidence that any permission was communicated to use the disputed parcel. Further, no evidence was presented that the McCarvels or their predecessors communicated their claim of ownership to the Perhuses.

[¶7]   The McCarvels did not make their claim to the disputed parcel based on a written instrument. The court found the McCarvels "maintained a dike, planted trees, mowed the grass and maintained a driveway across the disputed property." The court also stated, "From the aerial photographs submitted as evidence, it is clear that the township road and the earthen dike along the Highway 46 right-of-way are obvious lines of demarcation of the disputed property." Additionally, the court noted an employee of Kelly Perhus drove a farm implement over the disputed parcel causing ruts and the McCarvels reported it as a trespass. The court ultimately held the McCarvels met their claim for adverse possession by clear and convincing evidence. It also found the McCarvels met all the elements for boundary by acquiescence.

[¶8]   The district court also addressed Debra Perhus's claim for fees, costs, and attorney's fees. The McCarvels included Debra Perhus as a defendant in this claim. The McCarvels claim Debra Perhus was included out of an abundance of caution because they did not know what interest, if any, she had

in the property. Debra Perhus was not a record titleholder of the disputed parcel. The court also found no evidence that Debra claimed any homestead right in the disputed property or any property making up the parcel owned by her husband.

## II

[¶9] This Court has held,

> In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct.

*Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84 (internal quotations and citations omitted). "Whether there has been mutual recognition of a boundary is question of fact, and will be reviewed on appeal under a clearly erroneous standard." *Sauter v. Miller*, 2018 ND 57, ¶ 10, 907 N.W.2d 370.

## III

[¶10] The Perhuses argue the district court's finding that the McCarvels met their claim for boundary by acquiescence was clearly erroneous. Boundary by acquiescence "allows a property owner to acquire neighboring property due to an honest mistake over the location of the boundary line." *Sauter*, 2018 ND 57, ¶ 10 (quoting *Brown v. Brodell*, 2008 ND 183, ¶ 9, 756 N.W.2d 779).

[¶11] "To establish a new boundary line by the doctrine of acquiescence, it must be shown by clear and convincing evidence that both parties recognized the line as a boundary, and not a mere barrier, for at least 20 years prior to the litigation." *Sauter*, 2018 ND 57, ¶ 10 (quoting *Brown*, 2008 ND 183, ¶ 9). "A boundary line acquiesced in must be definite, certain and not speculative, and

3

open to observation." *Id.* "Moreover, acquiescence requires possession up to a visible line marked clearly by monuments, fences, or the like." *Id.* "In the absence of a conventional agreement, mutual recognition may be inferred from a party's conduct or silence." *Id.* at ¶ 11 (quoting *Brown*, at ¶ 9).

[¶12] The required 20-year period can be met by tacking. *Sauter*, 2018 ND 57, ¶ 11.

> [W]here successive adverse occupants hold in privity with each other under the same claim of title, the time limit for maintaining an action may be computed by the last occupants from the date the cause of action accrued against the first adverse user.

*Id.* (quoting *James v. Griffin*, 2001 ND 90, ¶ 11, 626 N.W.2d 704). "When tacking is relied upon to meet the 20-year period, it must result in a single continuous acquiescent possession." *Id.* (quoting *James*, at ¶ 11). Tacking requires a boundary by acquiescence by the current occupants "and/or their predecessors in interest." *Id.* at ¶ 12.

[¶13] Here, the district court analyzed the evidence presented at trial for the McCarvels' boundary by acquiescence claim. The court recognized East River Road as the boundary line in question. East River Road meets the requirement of a clearly marked, definite, certain and not speculative, open to observation boundary line between the properties.

[¶14] No evidence was presented showing Kelly Perhus communicated permission to the McCarvels or their predecessors to use the disputed property. As a result, the court found no conventional agreement existed between the parties mutually recognizing East River Road as the boundary line. However, a court may infer mutual recognition of a boundary line from the silence of the parties, as it appears the parties remained silent here. *See Sauter*, 2018 ND 57, ¶ 11. The silence of the parties supports finding a mutual recognition of the East River Road boundary line.

[¶15] The district court examined the possession of the property by the McCarvels and their predecessors up to East River Road. The court explicitly found, "The McCarvels and their predecessors in interest made regular use of

4

the disputed property." The court noted the planting of trees on the property as well as the construction of a dike and driveway. This finding supports the possession requirement of the doctrine of acquiescence.

[¶16] Evidence introduced at trial also supports a finding that the McCarvels and their predecessors met the 20-year time period by tacking. The McCarvels had an unbroken chain of title to their property going back to 1992. The relocation of East River Road predates 1992. Since that time, the evidence indicates the McCarvels and their predecessors possessed the property by planting trees and constructing a dike and a driveway.

[¶17] The evidence presented at trial supports the district court's finding of boundary by acquiescence. The evidence indicates the East River Road boundary line exists, the parties mutually recognized it as the boundary line through their silence, the McCarvels and their predecessors possessed the disputed property, and the McCarvels tacked their boundary by acquiescence through their predecessors in interest. Therefore, the district court's finding of boundary by acquiescence was not clearly erroneous, as evidence exists to support it and the law was correctly applied.

IV

[¶18] Debra Perhus argues she is entitled to costs and attorney's fees for being a named party in this action. Kelly Perhus argues he is entitled to costs and attorney's fees because the McCarvels filed a lis pendens for an area of property much larger than the disputed parcel. "Under North Dakota law, parties to a lawsuit generally pay their own attorney fees, absent statutory or contractual authority." *Sagebrush Resources, LLC v. Peterson*, 2014 ND 3, ¶ 14, 841 N.W.2d 705.

[¶19] Section 28-26-01(2), N.D.C.C., allows for an award of costs, including attorney's fees, to a prevailing party on a frivolous claim. "Frivolous claims are those which have such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in that person's favor." *Sagebrush Resources*, 2014 ND 3, ¶ 15 (citing *Deacon's Dev., LLP v. Lamb*, 2006 ND 172, ¶ 12, 719 N.W.2d 379). The court has

discretion to determine whether the claim is frivolous and how much to award. *Id.* However, if the court finds the claim is frivolous, it must award costs and attorney's fees. *Id.*; N.D.C.C. § 28-26-01(2).

[¶20] Section 28-26-31, N.D.C.C., also places an award of expenses, including attorney's fees, within the district court's discretion for pleadings not made in good faith. *Strand v. Cass Cty.*, 2008 ND 149, ¶ 14, 753 N.W.2d 872. An award of expenses under this statute "must be based on evidence that the pleadings were made without reasonable cause and not in good faith, and are found to be untrue." *Id.*

[¶21] Under these two statutes, a district court's order is reviewed for an abuse of discretion. *Strand*, 2008 ND 149, ¶ 18. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law." *Id.* (quoting *Dixon v. McKenzie Cty. Grazing Association*, 2004 ND 40, ¶ 29, 675 N.W.2d 414).

[¶22] In this case, the district court did not award costs or attorney's fees to the Perhuses. A court must award attorney's fees under section 28-26-01(2), N.D.C.C., only after it finds the claim is frivolous. No finding of frivolity exists here. Additionally, N.D.C.C. § 28-26-31 requires a court to find the pleadings were untrue and made without reasonable cause and not in good faith in order to award expenses. The court did not make this finding for any of the claims or the lis pendens.

[¶23] The district court did not act in an arbitrary, unreasonable, or unconscionable manner when it refused to award costs and attorney's fees to the Perhuses. The court used its discretion when it declined to find frivolous claims or pleadings not made in good faith existed. The court analyzed the facts of the case and correctly applied and followed the law when it made these determinations. Therefore, the court did not abuse its discretion when it refused to award costs or attorney's fees to the Perhuses.

## V

[¶24] We do not address the other arguments raised because they are unnecessary to this decision. We affirm the district court's judgment.

[¶25] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte