2009 ND 80

STATE of North Dakota ex rel. Wayne
STENEHJEM, Attorney General,
Petitioner and Appellee

v.

SIMPLE.NET, INC., f/k/a Dial Up
Services, Inc., d/b/a Simple.net,
Respondent and Appellant.

No. 20080144.

Supreme Court of North Dakota.

May 6, 2009.

Elin S. Alm, Assistant Attorney General, Office of the Attorney General, Bismarck, N.D., for petitioner and appellee.

Peter Strojnik (on brief), The Law Firm of Peter Strojnik, P.C., Phoenix, AZ, and Arnold V. Fleck (on brief), Bismarck, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] Simple.net appeals from a district court order granting the State's motion to compel and from an order finding Simple.net in contempt and denying Simple.net's motion to dismiss or to stay the proceedings. We conclude the district court did not err in denying Simple.net's motion to dismiss the action and did not abuse its discretion in denying Simple.net's motion to stay the proceedings. We affirm the orders.

I

[¶ 2] Simple.net, formerly known as Dial Up Services, Inc., engaged in a check solicitation marketing scheme to market their back-up mobile internet services. The marketing scheme involved mailing potential customers a check identified as a "discount incentive" for $3.25. Simple.net claimed depositing the check signified the recipient's acceptance of Simple.net's internet services, and the recipient would be billed $19.95 per month.

[¶ 3] The Federal Trade Commission ("FTC") began investigating Simple.net's marketing practices sometime before 2001. In 2001, the FTC brought an action under the Federal Trade Commission Act, 15 U.S.C. §§ 45(a) and 53(b), against Simple.net in the United States District Court for the District of Arizona. The FTC and Simple.net reached an agreement and a final judgment was entered based upon the parties' stipulation. The 2001 stipulated judgment and order required Simple.net to comply with certain regulations to continue the practice of sending solicitation checks. The judgment also stated, "this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement of compliance therewith, or for the punishment of violations thereof."

[¶ 4] After the 2001 judgment, several states began investigating Simple.net for violations of state consumer protection laws. In 2006, the North Dakota Attorney General issued a civil investigative demand and began investigating Simple.net's check solicitation practice under N.D.C.C. ch. 51–15, which prohibits unlawful sales or advertising practices. Simple.net did not respond, and the State filed and served a motion to compel in February 2007, which started this action. On February 27, 2007, the district court entered an order granting the motion to compel, but Simple.net did not comply with the order.

[¶ 5] In February 2007, Simple.net filed an action in the United States District Court for the District of Arizona against the State of North Dakota and other states seeking a declaratory judgment and injunction barring the state defendants from investigating Simple.net's marketing practices. The federal district court dismissed Simple.net's complaint, concluding it lacked personal jurisdiction over the state defendants. *Dial Up Servs., Inc. v. Oregon,* No. 07–00423–PHX–EHC, 2007 WL 4200756 (D.Ariz. Nov.27, 2007). Simple.net appealed the court's decision to the United States Court of Appeals for the Ninth Circuit.

[¶ 6] Simple.net continued to refuse to comply with the February 27, 2007, order granting the State's motion to compel. On December 4, 2007, the State moved for an order to show cause why Simple.net should not be held in contempt of court for the failure to comply with the order granting the motion to compel. An order to show cause was entered on December 7, 2007, and was later amended on December 12 and 19, 2007.

[¶ 7] On January 7, 2008, Simple.net removed the action to the United States District Court for the District of North Dakota. The State moved for remand and for sanctions. The federal district court granted the State's motion for remand and denied the motion for sanctions. *North Dakota v. Simple.net, Inc.*, No. 1:08–cv–002, 2008 WL 619198 (D.N.D. Mar.3, 2008).

[¶ 8] After the case was remanded to the state district court, a third amended order to show cause was entered. Simple.net moved to dismiss the order to show cause or alternatively to stay the proceedings until the Ninth Circuit Court of Appeals decides the appeal from Simple.net's action for declaratory and injunctive relief. After an April 16, 2008, hearing, the district court entered an order denying Simple.net's motion to dismiss and motion to stay, holding Simple.net was in contempt of court for disobeying the February 27, 2007, order granting the State's motion to compel, and awarding the State reasonable attorney fees.

## II

■ [¶ 9] Simple.net argues the district court erred in denying its motion to dismiss the action because the Arizona federal district court retained exclusive jurisdiction over the subject matter of the 2001 stipulated judgment, and therefore the State must bring any action in that court. Simple.net also contends the Supremacy Clause prevents the State from interfering with the 2001 stipulated judgment, and any state action to investigate Simple.net's marketing practices is pre-empted by the 2001 judgment.

[¶ 10] The 2001 judgment was based on a stipulation between the FTC and Simple.net, after the FTC filed a complaint under the Federal Trade Commission Act. The Arizona federal district court retained jurisdiction to interpret, modify, or enforce the 2001 stipulated judgment, and to punish for violations of the judgment. North Dakota was not a party in that action and the 2001 stipulated judgment did not address whether Simple.net's practices violate state law, including N.D.C.C. ch. 51–15. The 2001 stipulated judgment does not require all litigation brought by any party against Simple.net for violating consumer protection laws be brought only in the Arizona federal district court. The North Dakota Attorney General has the authority to investigate possible violations of North Dakota consumer protection laws. N.D.C.C. §§ 51–15–04 and 51–15–05. The district court has subject matter jurisdiction over cases brought under N.D.C.C. ch. 51–15, including jurisdiction to enforce compliance with the attorney general's investigation. *See* N.D.C.C. § 51–15–06. The attorney general is investigating whether Simple.net's check solicitation marketing practices have violated N.D.C.C. ch. 51–15, and not federal law. We conclude the attorney general has the authority to investigate whether Simple.net's marketing practices violate North Dakota law, and the state district court has jurisdiction over proceedings brought by the attorney general.

■ [¶ 11] Simple.net also argues the Supremacy Clause, U.S. Const. art. VI, prevents the State from interfering with the 2001 stipulated judgment and provides a complete defense to the state action, and any state action with respect to the subject matter of the 2001 judgment is pre-empted. Under the Supremacy Clause, the laws of the United States are "the supreme law of the land" and conflicting state laws are without effect. *State v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 19, 712 N.W.2d 828. "[S]tate law is pre-empted to the extent that it actually conflicts with federal law." *Id.* at ¶ 19 (quoting *Home of*

*Economy v. Burlington N. Santa Fe R.R.,* 2005 ND 74, ¶ 5, 694 N.W.2d 840).

[¶ 12] Simple.net does not contend the Federal Trade Commission Act conflicts with and preempts N.D.C.C. ch. 51–15, but instead claims the 2001 judgment preempts any action under state law regarding Simple.net's marketing practices. Simple.net argues the 2001 stipulated judgment gave it the right to market its services under the conditions set out in the judgment, and state law cannot place any further restrictions on Simple.net's marketing practices without conflicting with the federal judgment. A state law may complement federal law and impose further regulations than federal law requires, so long as it is not impossible to comply with both state and federal regulations. *FreeEats.com,* at ¶¶ 31–33. The 2001 stipulated judgment did not grant Simple.net the right to market its services in a particular manner. Instead, it imposed restrictions on Simple.net's practices to prevent it from further violating federal law. The 2001 stipulated judgment and state law do not conflict, and the state may impose stricter regulations. Moreover, valid state laws that do not conflict with any federal law cannot be pre-empted by a federal judgment that is based on the parties' agreement. *See Keith v. Volpe,* 118 F.3d 1386, 1392–93 (9th Cir.1997) (a consent decree entered by a federal district court cannot override valid state laws that do not conflict with any federal law). We conclude North Dakota's state consumer protection laws are not pre-empted by the 2001 stipulated judgment, and the district court properly denied Simple.net's motion to dismiss.

III

[¶ 13] Simple.net argues the district court abused its discretion by declining to stay the proceedings until the Ninth Circuit Court of Appeals decides Simple.net's appeal from the Arizona federal district court's decision denying Simple.net's request for declaratory relief to prevent various states, including North Dakota, from investigating Simple.net's marketing practices. Simple.net contends the district court should have stayed the proceedings on the principles of comity.

[¶ 14] Comity is a principle under which a court voluntarily defers action on a matter properly within its jurisdiction until a court in another jurisdiction, with concurrent jurisdiction and who is already cognizant of the litigation, has an opportunity to pass upon the matter. *See Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Under the principles of comity, the court that first acquires jurisdiction will retain it. *State ex rel. Paulson v. Meier,* 127 N.W.2d 665, 671 (N.D.1964). Comity is not a right, but is a willingness to grant privilege out of deference and good will. *Hansen v. Scott,* 2004 ND 179, ¶ 8, 687 N.W.2d 247. Because comity is not a right and is within the court's discretion, the court's decision whether to grant a stay on the basis of comity is reviewed for an abuse of discretion. *See Lohnes v. Cloud,* 254 N.W.2d 430, 433 (N.D.1977). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Strand v. Cass County,* 2008 ND 149, ¶ 18, 753 N.W.2d 872.

[¶ 15] The Arizona federal district court concluded it did not have personal jurisdiction over the parties, including the State of North Dakota, and we conclude the state district court has jurisdiction and the 2001 stipulated judgment does not preempt state consumer protection laws

and the State's investigation of Simple.net's marketing practices. Under these circumstances, we conclude the district court's decision to deny Simple.net's motion to stay the proceedings was not arbitrary, capricious, or unreasonable. We therefore conclude the court did not abuse its discretion.

## IV

[¶ 16] The district court did not err in denying Simple.net's motion to dismiss or its motion to stay proceedings. We affirm the orders.

[¶ 17] GERALD W. VANDE WALLE, C.J., JOHN C. McCLINTOCK, JR., D.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ.

[¶ 18] The Honorable JOHN C. McCLINTOCK, JR., D.J., sitting in place of SANDSTROM, J., disqualified.