*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# OPINION

No. 04-11-00393-CV

## IN RE VINYL TECHNOLOGIES, INC.

Original Mandamus Proceeding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On June 8, 2011, relator Vinyl Technologies, Inc. ("Vytek") filed a petition for writ of mandamus, complaining of the trial court's May 1, 2011 order denying Vytek's "Motion to Dismiss and/or to Stay Proceedings Based on Comity."  We conditionally grant mandamus relief.

## BACKGROUND

This proceeding arises out of a suit filed by real party in interest ITM Partners, Ltd. ("ITM Partners") against Vytek in Bexar County, Texas.  Another suit is currently pending in Massachusetts that was filed by Vytek against ITM Partners and Instruments Technology

---

[1] This proceeding arises out of Cause No. 363921, styled *ITM Partners, Ltd. v. Vinyl Technologies, Inc.*, pending in the County Court at Law No. 10, Bexar County, Texas, the Honorable Irene Rios presiding.  However, the orders complained of were signed by the Honorable David. J. Rodriguez, presiding judge of the County Court at Law No. 3, Bexar County, Texas.

Machinery, Inc. ("ITM, Inc."). Both suits arose out of a transaction in which Vytek agreed to produce a Dual-Station Laser Welding Workstation in exchange for payment in the amount of $248,000. The parties dispute whether the agreement was between Vytek and ITM Partners or Vytek and ITM, Inc.[2] The workstation was designed to be integrated into a larger piece of equipment that ITM was producing for a third party. The contract required that ITM make installment payments on the workstation as the work progressed. According to Vytek, ITM failed to make timely installment payments in accordance with the contract, and the parties subsequently entered into a "Payment Agreement" that required ITM to pay the final balance in the amount of $24,800.00 to Vytek on or before February 15, 2010. Although the product was delivered to ITM, Vytek alleges ITM failed to make the final payment, and subsequently filed suit on March 8, 2010 against ITM, Inc. in Massachusetts.[3]

In the suit, Vytek initially asserted causes of action for breach of contract and breach of implied covenant of good faith and fair dealing, and later added claims for violations of the Massachusetts Consumer Protection Act and fraud. ITM, Inc. moved to dismiss the Massachusetts suit by alleging the court lacked personal jurisdiction over the company. On October 25, 2010, the Massachusetts court denied ITM, Inc.'s motion to dismiss. On November 12, 2010, ITM Partners filed suit against Vytek in Bexar County, Texas based on the same transaction as the Massachusetts suit, asserting causes of action for breach of contract, deceptive trade practices, and fraud.

On December 29, 2010, Vytek filed, among other motions, a motion to dismiss and/or stay the Texas proceedings based on comity. On February 4, 2011, Vytek filed a motion to

---

[2] Therefore, with regard to the transaction, we will refer to the ITM entities collectively as "ITM."
[3] Vytek contends it initially sued ITM, Inc. (the general partner) in Massachusetts instead of ITM Partners (the limited partner) due to the name "Instruments Technology Machinery" being on both the Purchase Order Contract and the payment agreement.

amend the complaint in the Massachusetts court in order to add ITM Partners as a party in the Massachusetts suit. While the motion to amend was pending before the Massachusetts court, the Texas court informed the parties it would take the motion to dismiss and/or stay the proceedings based on comity under advisement until the Massachusetts court made a determination as to whether ITM Partners would be added as a party in the Massachusetts suit.

On April 8, 2011, the Massachusetts court granted Vytek leave to amend its pleadings to name ITM Partners as a defendant in the Massachusetts case. In its notice to the parties, the Massachusetts court provided as follows:

> After hearing and review of the pleadings as well as reviewing this Court's memorandum and decision on defendant's motion to dismiss (McCann, J.), this Court finds that justice requires amendment in order to name all appropriate defendants who should be parties to this action. The court is mindful that the Texas action was filed by ITM Partners two weeks after this Court's denial of the defendant's motion to dismiss, which all parties agree is the exact same subject matters as this lawsuit. Defendant is the general partner of the additional defendant and there is no prjudice[sic] to either defendant in litigating this case in Massachusetts.

After the parties notified the Texas court of the Massachusetts court's grant of leave to add ITM Partners as a defendant, the Texas court held another hearing on April 27, 2011 on Vytek's motion to dismiss and/or stay the proceeding based on comity, and on May 1, 2011 denied the motion. Vytek subsequently filed a motion to reconsider, which was also denied. This petition for writ of mandamus ensued.

## ANALYSIS

### I.        Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)

(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.* As to the second requirement, ITM Partners does not challenge that Vytek lacks an adequate remedy by appeal. Additionally, other courts have held that no adequate remedy by appeal exists when a trial court fails to apply the principle of comity and stay a subsequently filed Texas action. *See In re BP Oil Supply Co.*, 317 S.W.3d 915, 918 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 900 (Tex. App.—Tyler 2006, orig. proceeding). Likewise, we hold the circumstances presented in the case at hand warrant mandamus relief. *See Prudential*, 148 S.W.3d at 135.

## II.        Comity

In acknowledging the principles of comity, the Texas Supreme Court stated, "Our federal system benefits from a measure of state-to-state comity, which, while not a constitutional obligation, is a 'principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another.'" *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding) (citing *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex. 1986)). The mere pendency of a previously filed suit in another state does not, in itself, mandate abatement or dismissal of a suit later filed in Texas, even though both suits are between the same parties and involves the same subject matter. *See id.*; *BP*, 317 S.W.3d at 918; *State Farm*, 192 S.W.3d at 900. Every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and states do not acknowledge the right of any other state to

hinder its own sovereign acts or proceedings. *See BP*, 317 S.W.3d at 919; *State Farm*, 192 S.W.3d at 901. However, "[w]hen a matter is first filed in another state, the general rule is that Texas courts stay the later-filed proceeding pending adjudication of the first suit." *AutoNation*, 228 S.W.3d at 670; *see also Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 30 (Tex. 1998); *State Farm*, 192 S.W.3d at 901 (holding, "As a matter of comity. . . it is the custom for the court in which the later action is instituted to stay proceedings therein until the prior action is determined, or at least for a reasonable time.").

We must closely inspect the two pending actions in order to determine whether the trial court abused its discretion in failing to stay the Texas proceeding based on comity. *See State Farm*, 192 S.W.3d at 901 (citing *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. Civ. App.—Dallas 1966, writ dism'd)). To obtain a stay of a subsequent suit, it is generally necessary that the two suits: (1) involve the same cause of action; (2) concern the same subject matter; (3) involve the same issues; and (4) seek the same relief. *Id.* Additional factors that can be considered are: (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *Id.*

In the Massachusetts suit, Vytek essentially claims the ITM entities breached the contract by failing to pay the full amount of the contract, breached the implied covenant of good faith and fair dealing when it entered into the new payment agreement, violated the Massachusetts Consumer Protection Statute, and engaged in fraud. In the Texas suit, ITM Partners claims are essentially that Vytek breached the terms of the contract, engaged in deceptive trade practices, and engaged in fraud. ITM claims the causes of action, issues, and the relief sought in the Texas and Massachusetts suits are not the same.

Two suits may involve the same cause of action if the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action. *See id.* (citing *Nowell*, 408 S.W.2d at 553). ITM Partners has failed to provide this court with any analysis or authority that it will be unable to obtain the same relief in the Massachusetts suit. ITM Partners contends, without citing to any authority to support its claim, that the time for filing a counterclaim in the Massachusetts suit has passed. However, under Massachusetts' law, a party has a compulsory counterclaim if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and the compulsory counterclaim can be brought without regard to the statute of limitations that applies to that cause of action. *See* MASS. R. CIV. P. 13(a) (compulsory counterclaims); MASS. GEN. L. ch. 260, § 36 (time for filing compulsory counterclaims). ITM Partners also claims that Massachusetts does not permit the recovery of attorney's fees in breach of contract actions and contends it will not benefit from the rights and remedies available under the Texas Deceptive Trade Practices Act. However, ITM Partners simply provides these brief declaratory statements in its response and cites to a conclusory affidavit prepared by a Massachusetts attorney without providing any substantive argument for the contentions made. Texas Rule of Appellate Procedure 52.3(h) provides that "[t]he petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities." *See* TEX. R. APP. P. 52.3(h); 52.4 (providing that real party in interest's response must conform to the requirements of Rule 52.3). Therefore, we do not consider these arguments made by ITM Partners.

As to the remaining considerations, both the Massachusetts suit and the Texas suit are based in part on the same original contract for the production of the workstation, the same transaction, involve the same product, and the same parties. ITM Partners asserts there is not a

complete identity of parties. However, both ITM Partners and Vytek are parties in both suits. We cannot say that the addition of ITM Partners' general partner, ITM, Inc., in the Massachusetts suit is reason to justify not applying the principle of comity in this case.

As further argument for this court to deny mandamus relief, ITM Partners contends it sued Vytek in Texas before Vytek sued ITM Partners in Massachusetts (because Vytek initially sued the wrong entity in the Massachusetts suit), and, therefore, the principle of comity should not apply. While the doctrine of dominant jurisdiction applies when two suits have been filed in two different counties in the same state and does not apply to suits pending in two different states, we acknowledge the similarities between dominant jurisdiction and the principle of comity. *See Griffith v. Griffith*, 341 S.W.3d 43, 54 (Tex. App.—San Antonio 2011, no pet.). The analysis in a dominant jurisdiction case is very similar to that in a case involving comity: in order to succeed on a motion to abate based on dominant jurisdiction, it has to be established that (1) the suit was commenced first; (2) the first suit is still pending; (3) the first suit could be amended to include all of the parties; and (4) the controversies are the same or the first suit could be amended to include all of the claims. *See In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding [mand. pending]). "[H]aving first acquired jurisdiction, [the court] may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so." *Cleveland v. Ward*, 285 S.W. 1063, 1069 (Tex. 1926). We find the same should be true in the case at hand based on the principle of comity. The Massachusetts court first acquired jurisdiction over the subject matter of the case and Vytek clearly sought to seek redress for its claims arising out of the contract in Massachusetts. We do not agree with ITM Partners that by initially suing ITM, Inc. (the general

partner) and then adding ITM Partners (the limited partner) to the Massachusetts suit that Vytek should be prevented from having the Massachusetts court consider the entire dispute.

Finally, ITM Partners contends it is its privilege to choose the forum in which its claims against Vytek will be litigated. While we acknowledge the general rule that as long as the forum is a proper one it is the plaintiff's privilege to choose the forum, a strict application of this rule would preclude the application of the principle of comity in any case such as this one, which would frustrate the concept of comity. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) (providing that as long as the forum chosen by the plaintiff is a proper one, it is plaintiff's privilege to choose the forum.).

Based on the foregoing, we conclude the trial court abused its discretion in failing to apply the principle of comity and stay the Texas suit pending the conclusion of the suit in Massachusetts.

## CONCLUSION

Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to (1) withdraw the May 1, 2011 order denying Vytek's "Motion to Dismiss and/or to Stay Proceedings Based on Comity," and (2) enter an order granting Vytek's motion to stay and stay the Bexar County, Texas proceedings until entry of final judgment in the Massachusetts case. The writ will issue only if the trial court fails to comply within fourteen days.

Steven C. Hilbig, Justice