# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00588-CV

### In re Old American County Mutual Fire Insurance Company

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Old American County Mutual Fire Insurance Company filed a petition for writ of mandamus complaining of the trial court's order denying Old American's plea in abatement. *See* Tex. R. App. P. 52.3.  We deny the petition for writ of mandamus.

Real party in interest Sherry Shook was a passenger in a car that was involved in a car accident with Jimmy Jarrett, one of Old American's insureds.  Shook made a demand on Old American through Old American's agent, but a settlement was never reached.  Shook sued Jarrett and won, and Jarrett assigned his rights against Old American to Shook.  One week later, Old American filed suit in federal court seeking a declaration that Shook's demand was not a proper *Stowers* demand.  *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex. 2007) (discussing law governing when demand triggers duty to settle under *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved)). Old American relied on diversity for federal jurisdiction.[1]  *See* 28 U.S.C.A. § 1332(a)(1) (West 2006 & Supp. 2012).  Five days later, before she was served in the federal suit, Shook sued

---

[1] Old American is based in Dallas, Shook is an Alabama resident, Jarrett is a Texas resident, and the accident occurred in Williamson County.

Old American in Travis County, seeking a declaration construing her rights under Jarrett's insurance contract and alleging claims for breach of contract, negligence, and violations of the Insurance Code and the Deceptive Trade Practices Act. Old American filed a plea in abatement in the state suit, arguing that the doctrine of dominant jurisdiction required that the suit be abated.[2] The trial court denied the plea, and Old American filed this petition for writ of mandamus.

## Discussion

The doctrine of dominant jurisdiction provides that "when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should be abated." *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 794 (Tex. App.—Dallas 2012, no pet.). However, dominant jurisdiction does not apply to suits filed in other states because "'every state is entirely sovereign and unrestricted in its powers.'" *Id.* (quoting *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 901 (Tex. App.—Tyler 2006, orig. proceeding)). Similarly, when suits are filed in federal court and state court, dominant jurisdiction does not apply. *See Donovan v. Dallas*, 377 U.S. 408, 412-13 (1964) ("Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings"; "'where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court,'" quoting *Peck v. Jenness*,

---

[2] Shook has filed a motion to dismiss or stay the federal suit, arguing that Old American merely won a "race to the courthouse" in filing its suit, that the controversy between the parties concerned exclusively state matters, that pretrial preparation had begun in the state suit, and that although Jarrett was a necessary party and was named in the state suit, he could not be involved in the federal suit without the court's destroying diversity jurisdiction. That motion is still pending.

48 U.S. 612, 625 (1849)).[3]  Instead, the proper course of action is for the first-filing party to seek a stay, rather than seeking relief through a plea in abatement.  *See Griffith v. Griffith*, 341 S.W.3d 43, 53-54 (Tex. App.—San Antonio 2011, no pet.); *Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 927 (Tex. App.—Texarkana 2002, no pet.); *Evans v. Evans*, 186 S.W.2d 277, 279 (Tex. Civ. App.—San Antonio 1945, no writ).

When an action is pending in a federal court or a court of another state, we should consider whether the later-filed case should be stayed under the doctrine of comity.  *See Ashton Grove*, 366 S.W.3d at 794. In applying comity, "a Texas court would usually stay its proceeding pending adjudication of the first filed suit." *Id.*  Comity is voluntary, however, not a matter of right, *id.*, and we examine the pleadings filed in the cases and ask whether the trial court abused its discretion in refusing to grant the stay the later-filed action, *In re Vinyl Techs., Inc.*, 352 S.W.3d 810, 814 (Tex. App.—San Antonio 2011, orig. proceeding).  A court abuses its discretion if its decision is so arbitrary and unreasonable that it amounts to a "clear and prejudicial error of law" or if the court misapplies the law to the facts.  *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *see In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding); *State Farm Mut. Auto. Ins.*, 192 S.W.3d at 900.  In other words, "[t]he relator must establish that the trial court could reasonably have reached only one decision." *Walker*, 827 S.W.2d at 840.

---

[3]  *See also Aetna Casualty & Surety Co. v. Brunken*, 373 S.W.2d 811, 813 (Tex. Civ. App.—Eastland 1963, writ ref'd n.r.e.) ("The general rule, which is adhered to in Texas, is that pendency of a prior suit between the same parties over the same cause of action in a federal court is not ground for abatement of a subsequent suit in a court of the state in which the federal court sits."); *Mack v. Reserve Life Ins. Co.*, 217 S.W.2d 39, 40 (Tex. Civ. App.—San Antonio 1948, no writ) (when suits are filed in federal and state courts, "regardless of which court first took jurisdiction of the case, neither should by enjoined from proceeding with the trial").

To show its entitlement to a stay, the party must generally show "that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief," but the court may also consider additional factors, such as which action was filed first, whether the parties are the same, and "the effect of a judgment in the later action on any order or judgment entered in the prior action." *Griffith v. Griffith*, 341 S.W.3d 43, 54 (Tex. App.—San Antonio 2011, no pet.); *see Ashton Grove*, 366 S.W.3d at 794; *Vinyl Techs.*, 352 S.W.3d at 814.

Old American's plea in abatement was the improper means to seek to halt the state proceeding in favor of the federal suit. *See Griffith*, 341 S.W.3d at 53-54. However, even if we view Old American's filing as seeking a stay instead of as a plea in abatement, we cannot conclude that the trial court abused its discretion in refusing to grant a stay.

In Old American's federal suit, it named only Shook as a defendant and sought only declarations that (1) Jarrett was not entitled to coverage under his insurance policy because of misrepresentations he allegedly made when he obtained the insurance, (2) Jarrett's vehicle was not covered by his personal policy, and (3) Shook had not made and could not make a valid *Stowers* claim. In Shook's suit, she named herself as "assignee of Jimmy Anderson Jarrett" and asks for relief to which she or Jarrett "may show themselves justly entitled."[4] Shook seeks a declaration "construing the contract of insurance and declaring the rights of Sherry Shook under the contract," specifically seeking a declaration that she is entitled to recover $25,080 from Old American under

---

[4] Jarrett later filed a plea in intervention, seeking to join the suit as a plaintiff to protect his interests because of Shook's judgment against him and stating that he was seeking indemnity and defense from Old American.

Jarrett's policy. She seeks further damages from Old American for breach of contract for its failure to indemnify and defend Jarrett, negligence for its failure to "reasonably and prudently protect" Jarrett from "an excess judgment" due to its refusal to accept her settlement offer, and violations of the Insurance Code and the Deceptive Trade Practices Act. Shook's suit seeks broader relief that goes beyond Old American's pleadings and looks to state law as grounds for her claims. Looking at the pleadings and parties involved in the two causes, we cannot say the trial court abused its discretion in declining to stay its proceeding in favor of the federal suit.[5] *See Ashton Grove*, 366 S.W.3d at 794; *Vinyl Techs.*, 352 S.W.3d at 814; *Griffith*, 341 S.W.3d at 54.

---

[5] Further, even if a plea in abatement was the proper kind of filing, Old American as the party seeking abatement had the burden of establishing the allegations in its motion to abate. *See Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468-69 (Tex. App.—Texarkana 2000, no pet.); *see also Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex. App.—Corpus Christi 1991, writ denied) ("The law is well settled that a party who urges a plea in abatement has the burden of proving by a preponderance of the evidence . . . the facts that are alleged in the plea," "defendant who merely presents his plea in abatement without offering evidence to prove the grounds urged therein, waives the plea unless he can demonstrate that the plaintiff's petition establishes the grounds urged in the plea," and "When no evidence is presented at the hearing on the plea in abatement, the plaintiff's petition must be presumed to state the facts pled correctly, and it must be construed in the light most favorable to the plaintiff."). "The verification of the plea does not do away with the requirement that the one urging the plea prove the grounds thereof by a preponderance of the evidence at the time such plea is presented to the court." *Brazos Elec. Power Coop., Inc. v. Weatherford Indep. Sch. Dist.*, 453 S.W.2d 185, 189 (Tex. Civ. App.—Fort Worth 1970, writ ref'd n.r.e.).

Old American's plea in abatement was verified, and it has stated that no testimony was brought forth at the hearing on its plea in abatement. According to the sworn record, it appears that Old American attached to its plea seven exhibits: Shook's demand letter; a hospital lien related to Shook's care after the accident; the reporter's record from the hearing on Shook's application for a turnover order in her suit against Jarrett; the final judgment rendered against Jarrett in Shook's suit against him; an order granting a temporary injunction in Shook's suit against Jarrett, barring Jarrett from conveying his insurance company back to Old American; an order extending that temporary injunction; Jarrett's assignment to Shook of his rights against Old American; and Old American's original petition filed in federal court. However, Old American's plea in abatement only argued for abatement based on dominant jurisdiction; it did not address the principles of comity or attempt to prove to the trial court that comity demanded a stay of the state proceeding.

## Conclusion

Old American has not shown that the trial court abused its discretion in denying its plea in abatement such that it would be entitled to mandamus relief. We deny Old American's petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Henson

Filed: December 20, 2012