# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 42

William Kainz and GeoChemicals, LLC,        Plaintiffs and Appellants

     v.

Jacam Chemical Company 2013, LLC,        Defendant and Appellee

## No. 20220135

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Zachary E. Pelham (argued), Bismarck, ND, Jordan L. Selinger (appeared), Dickinson, ND, Kirsten Tuntland (on brief), Bismarck, ND, and Sean D. Walsh (on brief), Wichita, KS, for plaintiffs and appellants GeoChemicals, LLC.

Nicholas C. Grant (argued) and Shea A. Miller (on brief), Dickinson, ND, and Janet A. Hendrick (on brief), Dallas, TX, for defendant and appellee.

# Kainz v. Jacam Chemical Co. 2013
## No. 20220135

**Bahr, Justice.**

[¶1]   William Kainz and GeoChemicals, LLC (collectively "Plaintiffs") appeal from the district court's order granting Jacam Chemical Co. 2013, LLC's motion to abate and an order and judgment awarding attorney's fees to Jacam. Plaintiffs argue the district court erred by abating the action and by awarding attorney's fees. We conclude the district court misapplied the law in granting the motion to abate and abused its discretion by awarding attorney's fees. We reverse and remand.

I

[¶2]   In June 2019, Jacam sued Plaintiffs in Kansas, seeking damages for various claims, including breach of contract against Kainz and tortious interference against GeoChem. Jacam claimed Kainz had been employed by Jacam, Kainz left his employment with Jacam and accepted an employment offer from GeoChem, and Kainz shared Jacam's confidential information and trade secrets with GeoChem. Jacam alleged Kainz breached his confidentiality obligations and the non-competition and non-solicitation clauses in his employee agreement with Jacam and GeoChem encouraged, induced, or assisted Kainz to violate his contract to unfairly compete against Jacam. Jacam also sought a temporary restraining order against Plaintiffs.

[¶3]   In August 2019, Plaintiffs sued Jacam in North Dakota, alleging Kainz has lived and worked in North Dakota at all relevant times, his employment for Jacam was performed exclusively in North Dakota, and Jacam brought its action in Kansas to avoid the application of North Dakota law and to restrain Kainz from fulfilling the terms of his employment agreement with GeoChem. Plaintiffs sought damages for tortious interference with a business contract. Plaintiffs also requested an injunction, the district court declare the forum selection, choice of law, non-competition, and non-solicitation clauses in Kainz's employee agreement with Jacam are unenforceable, and the district court

declare GeoChem cannot be restrained from employing Kainz beyond what is otherwise prohibited under North Dakota law.

[¶4] Plaintiffs moved for a preliminary injunction enjoining Jacam from taking any action to enforce the non-competition and non-solicitation clauses. Jacam opposed the motion. In May 2021, the district court granted Plaintiffs' motion and ordered Kainz is free to compete against Jacam, to solicit Jacam's clients in North Dakota, and to be employed by any employer in this state.

[¶5] In August 2021, Plaintiffs amended their complaint to include a claim for abuse of process. In September 2021, Jacam filed an answer to the complaint.

[¶6] In November 2021, Jacam moved to abate the action in favor of the action pending in Kansas. Jacam argued preference should be given to the Kansas action because it was filed first and it involves the same parties and the same issues. Plaintiffs opposed the motion. In January 2022, the district court granted Jacam's motion to abate and stayed the action pending resolution of the Kansas action. Plaintiffs moved for reconsideration, and the court denied their motion.

[¶7] Jacam moved for attorney's fees, requesting the fees it incurred in responding to the motion for reconsideration. The district court granted Jacam's motion and entered an order and judgment awarding attorney's fees.

II

[¶8] Jacam argues the appeal must be dismissed because the order abating the action is not an appealable order. Plaintiffs argue the order is appealable under N.D.C.C. § 28-27-02(1). Alternatively, they request a supervisory writ if the order is not appealable.

[¶9] "Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable." *Energy Transfer LP v. N.D. Private Investigative and Sec. Bd.*, 2022 ND 84, ¶ 7, 973 N.W.2d 404 (quoting *Eubanks v. Fisketjon*, 2021 ND 124, ¶ 4, 962 N.W.2d 427). The right to appeal is governed by statute, and an appeal

2

must be dismissed if there is no statutory basis for the appeal. *Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, ¶ 6, 980 N.W.2d 200. Under N.D.C.C. § 28-27-02(1), an order in a civil case is appealable if it affects "a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken[.]" If an interlocutory order is appealed, it must meet one of the statutory criteria in N.D.C.C. § 28-27-02, and if it does not, then the appeal must be dismissed. *Energy Transfer*, at ¶ 7.

[¶10] Plaintiffs appeal from the district court's order granting Jacam's motion to abate. The order granting the motion to abate did not dismiss the action; rather, the court stated a final judgment in the Kansas action could bar the issues in this case and the court concluded it must abate the action pending resolution of the Kansas action. No order dismissing the action was entered; therefore, the action is still pending. The order granting Jacam's motion to abate is not a final order.

[¶11] Plaintiffs argue the order is appealable because it affects substantial rights, in effect determines the action, and prevents a judgment. We have held an order that has the practical effect of terminating the litigation in the plaintiff's chosen forum and effectively forecloses litigation in the courts of this state may be appealable. *See Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 12, 632 N.W.2d 407.

[¶12] Plaintiffs claim this case is similar to *Triple Quest, Inc. v. Cleveland Gear Co., Inc.*, 2001 ND 101, ¶ 5, 627 N.W.2d 379, in which the district court dismissed an action without prejudice after determining the proper venue for the case was in Ohio under a forum selection clause. This Court held the order dismissing the case without prejudice was appealable, explaining "a trial court's dismissal without prejudice has the practical effect of terminating the litigation in the plaintiff's chosen forum, and is therefore final in the sense that it terminates the controversy in either the state or federal court in which the action was brought." *Id.* at ¶ 8. We also explained the court's order had the practical effect of determining the action because it terminated the action in North Dakota "by permanently putting the parties out of any North Dakota

3

district court." *Id.* ¶ 10. We stated the order dismissing the action prevented a judgment from which an appeal might be taken because there was no action remaining in this state, the same action could not be brought in this state, and the district court's decision would be res judicata in an Ohio court. *Id.*

[¶13] Although the action in this case was not dismissed and is still pending, res judicata may apply to preclude Plaintiffs from seeking relief in this state. The district court wrote in its Order Granting Motion to Abate that "[a] final judgment or decree in the Kansas case may very well operate to bar the issues of the North Dakota case." Jacam, in its brief, acknowledged if "the Kansas action terminates in a final judgment, this case must be dismissed on res judicata grounds." Thus, the order granting the motion to abate may have the practical effect of terminating the litigation in Plaintiffs' chosen forum. Under these facts and circumstances, we conclude the order is appealable.

[¶14] Because we conclude the order is appealable, we do not address Plaintiffs' alternative request we review the district court's decision under our supervisory writ authority.

### III

[¶15] Plaintiffs argue the district court erred by abating the action. They claim the court must decide their claims related to the non-competition and non-solicitation clauses under North Dakota law, the court was not required to abate the action under *Lucas v. Porter*, 2008 ND 160, 755 N.W.2d 88, and the court erred by concluding Jacam did not waive abatement.

[¶16] The district court considered the discussion related to abatement in *Lucas*, 2008 ND 160, and determined the action should be abated. The court rejected Plaintiffs' argument Jacam waived abatement, explaining the issue of abatement was sufficiently raised through the parties' pleadings and it was proper for the court to rule on the issue. The court further explained:

> Secondly, the Court finds that the Kansas case involving these parties was first in time and is still pending. It is anticipated that the Kansas case will be going to trial during the summer of 2022.

4

Lastly, this Court finds that there is sufficient identity between the Kansas and North Dakota case so that abatement does apply. A final judgment or decree in the Kansas case may very well operate to bar the issues of the North Dakota case. The evidence to be submitted in both cases appears to be relatively the same and it arises out of the same series of transactions. Thus, this Court must abate its action pending resolution of the Kansas action.

The court subsequently denied Plaintiffs' motion to reconsider, explaining the court already considered Plaintiffs' arguments, Plaintiffs did not give any new evidence or argument, and the court stood firm on its ruling.

[¶17] In *Lucas*, 2008 ND 160, ¶ 11 (quoting *Plott v. Kittelson*, 228 N.W. 217, 218-19 (N.D. 1929)), this Court discussed abatement and explained:

If the court, upon a consideration of the proof adduced, finds that another action is pending between the same parties and for the same cause, its judgment should be that the action abate . . . . But the defense of another action pending does not authorize a judgment on the merits of the case. Hence the court should not give a general judgment in favor of the defendant, nor a judgment that the plaintiff take nothing by his action. . . . In other words, if it appears from the showing made that there is another action pending, the action abates. If the other action is tried and judgment is entered, it is a bar to the subsequent action. If it is dismissed without prejudice, the abated action may be revived.

We affirmed the district court's dismissal of the action, holding the prior action and the current action arose out of the same facts and circumstances and the current action constituted an improper splitting of a cause of action. *Lucas*, at ¶ 1.

[¶18] However, the two actions at issue in *Lucas* were both brought in North Dakota courts. Here, the parties have lawsuits pending in North Dakota and Kansas. The mere pendency of an action in one state, alone, does not require abating a suit in a second state involving the same parties and the same subject matter. *See In re Vinyl Tech., Inc.*, 352 S.W.3d 810, 813 (Tex. Ct. App. 2011); 1 C.J.S. *Abatement and Revival* § 61 (2022 update); Restatement (First) of

5

Conflict of Laws § 619 (1934). This Court previously recognized that an action pending in another state is not grounds for abatement, stating:

> Although there has been some difference of opinion on the question, it is now well settled that in the application of this doctrine the courts of the several states are to be regarded as foreign to each other, so that the pendency of an action in personam in one state, is not, as a rule, either at law or in equity, pleadable in abatement of an action subsequently commenced in another state between the same parties on the same cause, even though the court of the state in which the prior suit is pending has complete jurisdiction. A recovery in one may be pleaded to the further continuance of the other, but until that is obtained, or unless the court in its discretion grants a continuance by reason of the pendency of the first action, each may proceed to judgment and execution, when a satisfaction of either will require a discharge of both. But while the pendency of a prior suit in another state is not pleadable in abatement as a matter of right, the court may in its discretion stay or suspend the second suit to await the decision in the prior one.
>
> The rule that the pendency of an action in another state is not ground for abatement is not affected by the provisions of the codes that the pendency of another action between the same parties for the same cause may be made a ground for demurrer or set up as a defense in the answer, but such provisions are construed as applying only to suits pending in the same state.

*Burdick v. Mann*, 236 N.W. 340, 346 (N.D. 1931) (quoting 1 C.J. *Abatement* § 113 (1914)). *See also Vinyl Tech*, at 813 (stating each state is sovereign, and "states do not acknowledge the right of any other state to hinder its own sovereign acts or proceedings."); *Tonnemacher v. Touche Ross & Co.*, 920 P.2d 5, 8 (Ariz. Ct. App. 1996) (stating actions filed in different states invoke the authority of independent sovereigns and neither sovereign is required to yield to the other).

[¶19] Abatement and a stay of proceedings are not the same. As one court explained:

> While a "stay of proceedings" and an "abatement" are in some respects similar, they are not identical. Abatement is a matter of right and the general rule is that, "the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state, even though both suits are between the same parties and upon the same cause of action." However, "the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief may be awarded in the prior suit."

*Evans v. Evans*, 186 S.W.2d 277, 279 (Tex. Ct. App. 1945) (citations omitted); *see also* 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 3 (2022 update) (same); 19 A.L.R.2d 301, §§ 1-2 (originally published 1951) (same).

[¶20] Because the two actions here are in different states, the rules for abatement do not apply. However, the district court had discretion to stay the action.

[¶21] In *State ex rel. Stenehjem v. Simple.net, Inc.*, 2009 ND 80, ¶¶ 13-15, 765 N.W.2d 506, we determined whether the district court abused its discretion by denying a motion to stay proceedings in the state case until an appeal in a separate federal action had been decided. We explained, "Comity is a principle under which a court voluntarily defers action on a matter properly within its jurisdiction until a court in another jurisdiction, with concurrent jurisdiction and who is already cognizant of the litigation, has an opportunity to pass upon the matter." *Id.* at ¶ 14. We further explained:

> Under the principles of comity, the court that first acquires jurisdiction will retain it. Comity is not a right, but is a willingness to grant privilege out of deference and good will. Because comity is not a right and is within the court's discretion, the court's decision whether to grant a stay on the basis of comity is reviewed for an abuse of discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

7

*Id.* (citations omitted); *see also Lohnes v. Cloud*, 254 N.W.2d 430 (N.D. 1977) (discussing comity).

[¶22] Courts may consider various factors in deciding whether to stay an action while another action is pending in another jurisdiction. 1 C.J.S. *Abatement and Revival* § 61 (2022 update); 19 A.L.R.2d 301, § 5. Other courts have said those factors include whether the two actions have similar parties, causes of action, issues, and seek the same relief. *See Chicoine v. Wellmark, Inc.*, 894 N.W.2d 454, 460 (Iowa 2017); *Griffith v. Griffith*, 341 S.W.3d 43, 54 (Tex. Ct. App. 2011). Other factors may also be considered, including which action was filed first, the amount of time that might pass before the prior proceeding concludes, the threat of multiple and vexatious litigation, judicial economy, the interests of the two forums, the likelihood of obtaining complete relief in the other jurisdiction, the res judicata effect of a foreign judgment, and the convenience of the forum. *See Van Der Hooning v. Bd. of Trustees of Univ. of Ill.*, 972 N.E.2d 175, 182 (Ill. Ct. App. 2012); *Chicoine*, at 460; *Leadford v. Leadford*, 8 Cal. Rptr.2d 9, 12 (Cal. Ct. App. 1992); *Griffith*, at 54-55.

[¶23] "Where a prior foreign action involves the same parties and the same issues and is pending before a court capable of doing prompt and complete justice, the court's discretion may be freely exercised in favor of a stay." *Chicoine*, 894 N.W.2d at 460 (quoting *First Midwest Corp. v. Corporate Fin. Assocs.*, 663 N.W.2d 888, 891 (Iowa 2003)). However, "where the parties or issues are different, a stay will only be justified in rare circumstances." *Chicoine*, at 460; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (same).

[¶24] The district court had discretion in this case to stay the proceedings on the basis of comity. However, the court's decision was decided on the doctrine of abatement, concluding, "this Court *must* abate its action pending resolution of the Kansas action." (Emphasis added.) The court did not apply the correct law; the court incorrectly decided the issue under the doctrine of abatement rather than principles of comity.

[¶25] Because the district court misapplied the law, we conclude the order abating the action must be reversed. On remand, we direct the district court to

determine whether the proceedings should be stayed under principles of comity.

IV

[¶26] Plaintiffs argue the district court erred by deciding their motion for reconsideration was frivolous and by awarding attorney's fees under N.D.C.C. § 28-26-01.

[¶27] The district court may award attorney's fees and other costs for frivolous claims under N.D.C.C. § 28-26-01(2), which states:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

[¶28] The court's discretion under the statute is in determining whether a claim is frivolous. *Strand v. Cass County*, 2008 ND 149, ¶ 13, 753 N.W.2d 872. The court's "discretionary determinations under N.D.C.C. § 28-26-01(2) will not be overturned on appeal absent an abuse of discretion." *Bolinske v. Sandstrom*, 2022 ND 148, ¶ 30, 978 N.W.2d 72 (quoting *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705). A court may award attorney's fees and costs for frivolous post-judgment motions under N.D.C.C. § 28-26-01(2). *See Lessard v. Johnson*, 2022 ND 32, ¶ 33, 970 N.W.2d 160. A claim is frivolous if there is such a complete absence of facts or law a reasonable person could not have expected a court would render judgment in that person's favor. *N.D. Private Investigative and Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 20, 932 N.W.2d 756.

9

[¶29] The district court awarded attorney's fees to Jacam under N.D.C.C. § 28-26-01(2) after determining Plaintiffs' motion for reconsideration was frivolous and Jacam was the prevailing party on the motion. The court explained Plaintiffs used the same arguments in the motion for reconsideration and in the brief opposing abatement, motions for reconsideration are not to be used to relitigate the same issues, and the court does not have discretion to consider the same arguments again. The court concluded the motion for reconsideration was frivolous because Plaintiffs raised issues the court had previously considered.

[¶30] North Dakota law does not recognize motions to reconsider, but courts may treat a motion to reconsider as a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or a motion for relief under N.D.R.Civ.P. 60(b). *Wheeler v. Sayler*, 2022 ND 220, ¶ 9, 982 N.W.2d 573. Plaintiffs moved for "reconsideration" under N.D.R.Civ.P. 59(j). This Court has said "Rule 59(j), N.D.R.Civ.P., provides an appropriate vehicle for a party . . . to draw the court's attention to its view that through mistake the court has not granted it all the relief to which it is entitled." *City of Mandan v. Mi-Jon News, Inc.*, 381 N.W.2d 540, 543 (N.D. 1986). We have also said a Rule 59(j) motion is advisable when favorable action by the district court will obviate the necessity of an appeal. *Id.*

[¶31] That the motion for reconsideration raised issues the district court previously considered did not make it frivolous. A court has grounds to deny a motion for reconsideration when a party raises a new issue. In fact, quoting *Motschman v. Bridgepoint Mineral Acquisition Fund, LLC*, 2011 ND 46, ¶ 10, 795 N.W.2d 327, the district court noted: "The district court may decline to consider an issue or argument raised for the first time on a motion for reconsideration if it could have been raised in earlier proceedings." *See also* Steven Baicker–McKee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook* 1230 (2020) ("Courts properly decline to consider new arguments or new evidence on reconsideration where those arguments or evidence were available earlier."). Thus, to the extent the court concluded Plaintiffs' motion was frivolous because Plaintiffs raised issues previously considered by the court, the court misapplied the law.

[¶32] The district court concluded Plaintiffs used their motion to reconsider "to relitigate the same issues," that "Plaintiffs clearly used the same arguments in their Response to the Motion for Abatement and in their Motion to Reconsider." However, the Plaintiffs' motion was not simply a regurgitation of their brief opposing the motion to abate. The Plaintiffs addressed errors they claimed the district court made in granting Jacam's motion to abate. They claimed the court erred in concluding there was an identity of parties and claims in this action and the action in Kansas. They also argued "even if there was identity of actions, . . . this Court was not *required* to abate this action and was instead required to weigh the equities when deciding whether abatement was appropriate." Their arguments were not simply a repeat of the arguments made in their brief opposing the motion to abate. Plaintiffs were appropriately using a Rule 59(j) motion to draw the court's attention to an error of law they claimed the court made in deciding the motion to abate. *See Watford City Lodging LLC v. Miskin*, 2019 ND 136, ¶ 8, 927 N.W.2d 860 (stating a motion under N.D.R.Civ.P.59(j) may be used to request the court correct errors of law). We conclude the district court abused its discretion by concluding the motion for reconsideration was frivolous. We reverse the district court's judgment awarding Jacam attorney's fees.

V

[¶33] We have considered the parties' remaining issues and arguments and conclude they are either unnecessary to our decision or without merit. We reverse the order granting Jacam's motion for abatement and the judgment awarding attorney's fees, and remand so the district court can determine whether the proceedings should be stayed under principles of comity.

[¶34] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

11